Silvernail vs. Rust.

SILVERNAIL, Appellant, vs. RUST, Respondent.

*October 5 — October 23, 1894.*

(1, 2) *Appeal from justice's court: Delay in deciding: Jurisdiction: Review of facts.* (3) *Sale of chattels: Evidence.*

1. The failure of the circuit court to decide an appeal from justice's court at the term at which it is heard does not work a discontinuance or deprive the court of jurisdiction to decide it at a subsequent term, or even in vacation.

2. Sec. 3769, R. S., as amended by ch. 216, Laws of 1891 (providing that upon the hearing of an appeal from justice's court, "where there is no new trial in the appellate court, such court shall give judgment according to the weight of the evidence and the justice of the case . . . without regard to the findings of the justice"), applies to cases where the judgment in justice's court was given upon the finding of a jury as well as where it was given on a finding by the justice.

3. In an action to recover the purchase price of a belt, the evidence is *held* to support a finding that a conditional sale of a feed cutter, horse-power, and belt had failed, and that by a subsequent arrangement between the parties the sale really made was of the feed cutter only.

APPEAL from the Circuit Court for *Waukesha* County.

This action originated in justice's court, plaintiff claiming that the defendant had purchased of him a quantity of belting, agreeing to pay therefor the sum of $5, which he had refused to pay, and to recover which he brought suit. The defendant denied the purchase of the belting, and alleged that at the time in question he bought from the plaintiff, upon trial, a feed cutter, horse-power, and belt, and that he was to pay the sum of $80 therefor provided it worked well; that it did not work properly, and the defendant settled for the said feed cutter, and paid the plaintiff the sum of $38 therefor, but refused to take the belt and horse-power.

There was a trial before a jury, which resulted in a verdict in favor of the plaintiff for $2.50 damages. The defendant appealed to the circuit court, where the judgment of the justice's court was reversed, with costs, the court finding that, "according to the weight of the evidence and the justice of the case, without regard to technical errors which do not affect the merits, and without regard to the finding of the justice's court, as provided by ch. 216, Laws of 1891, said judgment, both as to damages and costs, ought to be wholly reversed."

It appeared from the return that three trials of the action had been had in justice's court, the respective juries in the first two trials disagreeing. After the case had been heard in the circuit court upon the return of the justice (January 13, 1892), it was held under advisement until the 13th of June, 1893, four terms having intervened in the meantime, when the court rendered judgment as above stated, without notice to the plaintiff's attorney. A motion to set the judgment aside for want of such notice, and on the ground that the court had lost jurisdiction to render judgment by the expiration of the term at which the hearing took place before deciding it, was denied. A further

statement of such facts as are material will be found in the opinion.

For the appellant there was a brief by *W. A. Pierce*, attorney, and *T. W. Haight*, of counsel, and oral argument by *Mr. Pierce*.

*D. S. Tullar*, for the respondent.

PINNEY, J. 1. The failure of the court to decide the case at the term at which it was heard did not work a discontinuance or deprive the court of jurisdiction to decide it at a subsequent term, or even in vacation. S. & B. Ann. Stats. sec. 2422*a*. Besides, the delay was the act of the court, and should not be allowed to operate to the prejudice of either party.

2. The act amending sec. 3769, R. S. [Laws of 1891, ch. 216], applicable to the hearing of appeals in the circuit court in cases such as this, providing that, "upon the hearing of the appeal where there is no new trial in the appellate court, such court shall give judgment according to the weight of the evidence and the justice of the case, without regard to technical errors which do not affect the merits, and without regard to the finding of the justice," etc., applies as well to cases where the judgment was given upon the finding of a jury in justice's court as upon a finding by the justice. The statute extends to all cases "where there is no new trial in the appellate court," and authorizes the circuit court to review the finding of a jury or justice if not according to the weight of evidence, and disregard it in giving judgment on the appeal. Whether the law providing for such a review upon the facts or the verdict of a jury, with the data afforded for this purpose by the scanty and fragmentary manner in which the testimony is usually returned, with a view to determine whether the finding in the court below is against the weight of evidence, and of giving judgment according to the opinion of the appellate

court thereon, is a judicious enactment, is a question which may well admit of a considerable difference of opinion; but, as it is an enactment clearly within the power of the legislature, the question of policy involved is not open for consideration.

3. It appears that there was a sale by the plaintiff to the defendant of a feed cutter, belt, and horse-power, upon trial, for the sum of $85; but they did not work to defendant's satisfaction, and the result was that subsequently the defendant elected to retain the feed cutter only, at the price of $38, for which he gave his note. After about a year, the plaintiff came and took the horse-power, and the defendant offered him the belt as well; but he refused to take it, and subsequently brought this action to recover five dollars, claiming that to have been its price. Evidently, the circuit court was of the opinion that the conditional sale of the feed cutter, belt, and horse-power failed, and that by the subsequent arrangement the sale really made was of the feed cutter only; and we think the evidence supports that conclusion.

We are unable to say that any error is shown by the record, and the judgment of the circuit court must therefore be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.