Fintel and another vs. Cook.

FINTEL and another, Appellants, vs. COOK, Respondent.

*October 6 — October 23, 1894.*

(1) *Agency: Estoppel: Sale on approval: Acceptance.* (2) *Justices' courts: Appeal: Bill of exceptions.*

1. The minor sons of a farmer, who were running the farm in his absence, agreed to purchase a corn planter on condition that it should do good work. They used it in planting their corn and that of a neighbor, and gave no notice to the vendor that it was unsatisfactory. The father knew, within two days, that the machine was at his farm on trial, but made no attempt to disaffirm the purchase until about a month later, when he had his sons write to the vendor that he would not keep the machine. *Held,* that he could not then deny the authority of his sons to make the purchase as his agents, and that by said use and retention of the machine the right to return it had been waived.

2. Where an appeal from a justice's judgment for less than $15 was heard in the appellate court on the original papers and the return of the justice, no other bill of exceptions is necessary on appeal to the supreme court; and the latter court may order an affirmative judgment according to the weight of the evidence and the justice of the case.

APPEAL from the County Court of *Waukesha* County. This action was commenced in a justice's court, and the plaintiffs made therein an oral complaint to the effect that June 7, 1892, the plaintiffs sold and delivered to the defendant, at his instance, one Stark force-drop corn planter, of the value and for the agreed price of $45, which corn planter the defendant received and used and continued to keep, but had never paid for any part of it though several times demanded; and demanded judgment for the amount named, with costs. The defendant answered by way of a general denial, and alleged, in effect, that the corn planter was left with his minor sons without his knowledge or consent; that he immediately informed the plaintiffs that he did not want the corn planter and would not keep or pay

for the same; that its work was unsatisfactory; and further alleged, by way of counterclaim, a charge of five dollars for storage.

At the close of the trial before the justice, he rendered his judgment in favor of the defendant for six cents damages on his counterclaim, and costs, from which the plaintiffs appealed to the county court, wherein the cause was tried upon the record, and the judgment of the justice in all things affirmed. From that judgment the plaintiffs appeal.

For the appellants there was a brief by *W. A. Pierce*, attorney, and *T. W. Haight* and *E. M. Mc Vicker*, of counsel, and oral argument by *Mr. Pierce* and *Mr. Mc Vicker*.

For the respondent there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*.

CASSODAY, J. It appears from the evidence, pretty clearly, that June 8, 1892, the defendant was attending court as a juryman; that his farm at the time was being worked by his two minor sons; that on that day the sons made a contract for the purchase of the machine for the price named, conditioned upon its doing good work; that one of the sons thereupon went and got the machine, and commenced using the same, planting corn on the defendant's farm; that when the son got the machine one of the plaintiffs went with him, and started the machine, and planted between half an acre and an acre, and that it did the work well; that it was agreed that the sons would notify the plaintiffs if it did not do good work, but that no such notice was ever given; that the machine continued to do good work, and that the sons repeatedly expressed themselves satisfied with it; that, within two days after the machine was so taken to the defendant's farm, the defendant knew the machine was there on trial; that a week or so after getting the machine, as mentioned, the boys used it planting corn

for their uncle; that they finished the planting of their corn about June 16, 1892. The defendant and his sons deny several of the facts stated, and testified to the effect that they could not tell whether the machine worked satisfactorily until they ascertained whether the corn grew; and the defendant himself testified that, as soon as he saw what kind of work the machine did, he told his boys to instruct the plaintiffs that he would not keep the machine. Accordingly, one of the sons wrote the plaintiffs, under date of July 5, 1892, to the effect that the machine had not given satisfaction, and that they would return it as soon as they should have the time. That letter was signed "C. N. Cook and Son."

It is very apparent that the sons acted as the agents of the defendant in making the purchase. A principal who, after knowledge of the terms of a sale or purchase made by the agent, does not disaffirm, but accepts and enjoys all the benefits thereof, cannot afterwards deny the authority of the agent to make the same upon the terms agreed upon. *Parish v. Reeve,* 63 Wis. 315; *Strasser v. Conklin,* 54 Wis. 102; *Morse v. Ryan,* 26 Wis. 356; *Burke v. M., L. S. & W. R. Co.* 83 Wis. 415. The defendant retained the machine for about a month before attempting a disaffirmance. That was certainly an unreasonable length of time to retain the machine for the purpose of testing it. Such retention and the use of the machine as mentioned were a waiver of any right to return the same. *Palmer v. Banfield,* 86 Wis. 441.

The judgment in the justice's court, exclusive of costs, did not exceed $15; and as there was no affidavit, as prescribed by sec. 3768, R. S., the appeal was necessarily heard in the county court on the original papers and the return of the justice. In such a case no other bill of exceptions is necessary on appeal to this court. Sec. 3767, R. S. That, however, does not prevent this court from ordering an affirmative judgment in favor of the plaintiffs, according to

the weight of the evidence and the justice of the case. Sec. 3769, R. S., as amended by ch. 216, Laws of 1891; *Silvernail v. Rust,* *ante,* p. 458.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded with direction to enter judgment in favor of the plaintiffs, and against the defendant, for the amount of the agreed price of the machine, and interest from June 8, 1892.