SMITH, Appellant, vs. NORTON, Respondent.

*April 24—May 13, 1902.*

(1) *Justices' courts: Appeal: Judgment without new trial.*    (2) *Attorney and client: Compensation.*

1. The provision in sec. 3769, Stats. 1898, that upon the hearing of an appeal from a justice, where there is no new trial, "the appellate court shall give judgment according to the weight of the evidence and the justice of the case . . . without regard to the finding of the justice," does not mean that the evidence must be construed most strongly in favor of the losing party.

2. In an action by an attorney to recover for services, where defendant denied liability and alleged payment, the evidence (stated in the opinion) is *held* to justify a finding for defendant.

APPEAL from a judgment of the county court of Fond du Lac county: A. E. RICHTER, Judge. *Affirmed.*

For the appellant there was a brief by *Charles D. Smith* in person, and oral argument by *J. B. Sanborn.*

For the respondent the cause was submitted on the brief of *J. M. Gooding.*

CASSODAY, C. J. It appears from the record that May 4, 1900, the plaintiff commenced an action before a justice of the peace to-recover $35 as the reasonable value of legal and other services rendered by the plaintiff for the defendant at his instance and request during the months of August, September, and October, 1899. The defendant, by way of answer, denied liability and pleaded payment. On the trial before the justice the testimony of the plaintiff tended to support his claim, and was to the effect that his services were rendered in an effort to free the defendant's lands of incumbrances; that in doing so he once went to Rosendale with the plaintiff, ten miles distant, and once went to Milwaukee to try to obtain a loan; that the defendant wanted a loan of $5,000, but that he failed to obtain any loan. On such trial

the defendant gave evidence to the effect that in August, 1899, he first saw the plaintiff and told him that he would like to raise from $2,500 to $5,000 for purposes mentioned, and that he would give any one who would get him the money one per cent. for doing so; that the plaintiff said he thought he could get the money, and that he then told the plaintiff that he would not give him a cent unless he got the money; that the plaintiff then undertook to get the money, but failed to do so; that he never made the plaintiff any other offer; that the plaintiff went with him to Rosendale, and he offered to pay the plaintiff in cash for his trouble, but the plaintiff said, "Never mind; bring me some oats some time;" that he did deliver the plaintiff two bags of oats, five or six bushels, and the plaintiff said that was enough. There was some evidence tending to corroborate the defendant. The plaintiff admits that he received three bushels of oats from the defendant, but says he "did not tell him that it was all right."

At the close of the trial the justice found in favor of the defendant, and taxed his costs against the plaintiff at $11.18, and rendered judgment accordingly. The plaintiff gave the requisite notice of appeal from that judgment to the county court, together with an affidavit that the appeal was made in good faith, and not for the purpose of delay, as prescribed by sec. 3754, Stats. 1898, but did not file any affidavit, as prescribed by subd. 2, sec. 3768, and hence the cause was necessarily heard in the county court "on the original papers and the return of the justice." Sec. 3767.

True, as claimed by the plaintiff, the statute declares that upon the hearing of such an appeal "the appellate court shall give judgment according to the weight of the evidence and the justice of the case, . . . without regard to the finding of the justice." Sec. 3769, Stats. 1898; *Silvernail v. Rust,* 88 Wis. 458, 60 N. W. 787; *Fintel v. Cook,* 88 Wis. 485, 60 N. W. 788. But this does not mean that the evidence returned must be construed most strongly in favor of the

losing party.  The question presented is purely one of fact.
The justice who saw and heard the witnesses found for the
defendant.  He undoubtedly did so because he thought such
finding was in accordance with the weight of the evidence.
The evidence returned seems to justify such finding.  The
county court affirmed that judgment.  Notwithstanding the
language of the statute, we must concur in such finding.

*By the Court.*—The judgment of the county court of Fond
du Lac county is affirmed.