## DONNER, Respondent, vs. GENZ, Appellant.

*May 10—October 9, 1906.*

*Pleading: Amendment to conform to evidence: Appeal: Findings of fact, when disturbed.*

1. Where in justice's court the answer was held to contain a sufficient denial of plaintiff's claim and the evidence thereunder was received without objection, and upon appeal the circuit court treated the answer as sufficient or as having been amended to conform to the evidence, it will be so treated upon appeal to the supreme court.

2. The rule that findings of fact by the circuit court will not be disturbed on appeal to the supreme court unless they are against the clear preponderance of the evidence is applicable to a case determined in the circuit court upon the record of a justice of the peace before whom the original trial was had. Nothing in sec. 3769, Stats. 1898, conflicts with that rule. *Fintel v. Cook*, 88 Wis. 485, explained.

APPEAL from a judgment of the circuit court for Lincoln county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

This is an action to recover the balance due for certain logs sold by the plaintiff to the defendant. The action was commenced in county court, having jurisdiction of a justice of the peace, and there prosecuted to judgment. An appeal taken to the circuit court was determined upon the record returned from the county court. The evidence tends to establish the following as facts:

An agreement was made between the parties for the sale of logs lying in plaintiff's woods at $5 per M.; the logs to be scaled by the scaler of the Paper Mills Company. Plaintiff gathered the logs together, and as they were taken away he scaled them in the presence of the defendant, the defendant observing the scaling and writing down the figures. The logs were then delivered to the defendant and were subsequently scaled by the scaler of the Paper Mills Company along with other logs belonging to the defendant. The scale of these logs

by the Paper Mills Company's scaler was not separate from the others. Defendant found that his logs were scaling short and wished the scaler to make a separate scale of the logs purchased from the plaintiff, but the logs were partly under water and partly covered by snow, and the scaler was unable to scale them accurately and therefore made an estimate. In this estimate he deducted a considerable amount as for defective material. It is claimed by the defendant that the logs were partly dry and partly sap rotted, and that for this reason there was not more material in them than the highest amount estimated by this scaler. The estimate made by the Paper Mills Company's scaler was 2,400 feet or less. The scale made by the plaintiff with the assistance of the defendant amounted to 4,685 feet. Twelve dollars has been paid, and this is claimed by the defendant to be a payment in full. Judgment was asked for the balance, $11.40, which would be due on the scaling made by plaintiff and defendant. In his evidence the defendant admitted that he had intended to pay the balance which would be due according to the scale made by himself and the plaintiff until he learned that his logs were scaling short.

The county court awarded judgment for the plaintiff for the amount claimed. On appeal to the circuit court the judgment of the county court was affirmed, the court finding that all the allegations of the complaint were true. This is an appeal from the judgment of the circuit court.

The cause was submitted for the appellant on the brief of *Ryan & Runke,* and for the respondent on that of *John Van Hecke.*

The following opinion was filed June 21, 1906:

SIEBECKER, J. Error is assigned upon the ground that the evidence is not sufficient to sustain plaintiff's cause of action. Respondent argues that the answer contains no denial of plaintiff's cause of action, and that judgment should have

been awarded upon such default for the amount claimed. The record discloses that the county court held that the answer sufficiently alleged a denial of plaintiff's claim, and the circuit court apparently so treated it or deemed the pleading amended to conform to the evidence actually presented. We find nothing in the record showing why the evidence, which was received without objection, was not properly before the circuit court and to be considered in determining the rights of the parties. Under such circumstances the pleadings will be deemed to be amended, on appeal, so as to admit the evidence. *Packard v. Kinzie Avenue H. Co.* 105 Wis. 323, 81 N. W. 488; *Coe v. Rockman,* 126 Wis. 515, 106 N. W. 290; *Gill v. Rice,* 13 Wis. 549.

The judgment appealed from awards plaintiff recovery of a balance claimed to be due him for the purchase price of logs sold to the defendant. The evidence adduced on this question is in conflict. The county and the circuit courts both found that this cause of action was established by the evidence. We have read the evidence and find that it is of such weight in support of the findings of fact of the trial courts that we cannot say that the findings are against the clear preponderance of the evidence. The judgment should stand.

*By the Court.*—Judgment affirmed.

The appellant moved for a rehearing, and the following opinion was filed October 9, 1906:

PER CURIAM. We find no support for the contention that this court in cases of appeal to circuit courts, where the case is tried on the record of the justice of the peace before whom the original trial was had, is not governed by the rule expressed in the opinion, to the effect that since the findings of facts of the circuit court are not against the clear preponderance of the evidence they cannot be disturbed. None

of the cases cited (*Campbell v. Babbitts,* 53 Wis. 276, 10 N. W. 400; *Hassa v. Junger,* 15 Wis. 598; *Silvernail v. Rust,* 88 Wis. 458, 60 N. W. 787) pass upon this question. So far as the subject was considered in those cases, it related to the question of whether the judgments appealed from were supported by the evidence. This is a wholly different inquiry from the one now suggested, which asks reversal of the judgment of the lower court in such cases on appeal to this court on the ground that the judgment is not supported by the weight of the evidence. Nothing in the provisions of sec. 3769, Stats. 1898, conflicts with the rule of this court that the conclusions of the trial court will not be disturbed on appeal to this court unless they are against the clear preponderance of the evidence. The language of the court in *Fintel v. Cook,* 88 Wis. 485, 60 N. W. 788, that this court in such cases is not prevented from ordering an affirmative judgment according to the weight of the evidence and the justice of the cause, must be construed in view of the case then before it upon which such judgment was ordered. It is obvious from the opinion that the court found in that case that there was no evidence to support the judgment appealed from, and that appellant, upon the uncontradicted facts, was entitled to judgment in his favor, and judgment was accordingly ordered. We deem the rule under which the case was determined in this court, namely, unless the findings of facts of the trial court are against the clear preponderance of the evidence they cannot be disturbed on appeal to this court, applicable to cases of this nature. The reasons for the rule are well presented in *Ely v. Daily,* 40 Wis. 52; *Snyder v. Wright,* 13 Wis. 689; *Murphy v. Dunning,* 30 Wis. 296; *Johnson v. Goult,* 106 Wis. 247, 82 N. W. 139.

The motion for a rehearing must be denied.