BRUNKOW, Respondent, vs. WATERS, Appellant.

*February 2—February 19, 1907.*

Appeal: Findings of fact: Trial on justice's return: Animals: Runaway horses causing injury: Negligence of owner: Presumption: Evidence.

1. Where, on appeal from a justice, a case is determined in circuit court upon the return without a new trial, the conclusions of fact of the circuit court will not be disturbed unless they are contrary to the clear preponderance of the evidence.
2. The fact that a horse is running unattended upon the public street raises an inference or presumption of negligence on the part of the custodian, which requires explanation.
[3. Whether in such case there is a presumption that the owner or his servant was in charge of the horse when it was negligently allowed to escape, not determined.]
4. Testimony that, immediately after a team of horses running unattended on a street had run into another team and caused injury to a person, the owner of the runaway team was on the spot, assisted in separating the horses, took charge of his team, and promised to make it all right with the injured person, was sufficient, in the absence of evidence to the contrary, to justify the conclusion that such owner or his servant was in charge of the horses when they escaped.

APPEAL from a judgment of the circuit court for Clark county: E. W. HELMS, Judge. *Affirmed.*

This action was commenced in justice's court to recover for personal injuries. Upon the trial in justice's court it appeared without dispute that on the 18th of April, 1904, the plaintiff, an old lady, was sitting on the seat of a lumber wagon standing in a business street in the city of Neillsville, with a two-horse team attached; that the wagon and team belonged to one Schale, who had gone into an adjoining store for a moment, leaving the plaintiff in the wagon holding the lines; that while she was so sitting another team of horses attached to a wagon came running along the street unattended and ran into Schale's horses, jarring the wagon in which the plaintiff

was sitting so that she fell out and was injured; that the two teams became mixed together and were separated by the bystanders; that the defendant *Waters* appeared on the scene directly after the accident and admitted that the horses were his, expressed his sorrow for the occurrence, and said that plaintiff should be taken care of and he would make it right; that plaintiff was taken care of at an adjoining hotel for two weeks and spent $85 for physician's services, medicines, and care; that she suffered considerably and was not entirely recovered at the time of the trial. In addition to these undisputed facts there was evidence tending to show that the team came from a saloon yard near by, where there were stalls for hitching farmers' teams, and that in one of these stalls a two-by-four scantling to which horses were usually tied was broken or pulled out, but there was no proof showing that the defendant's horses actually came from this stall, nor was there any evidence tending to show who was in charge of the horses before they ran nor who put them in the saloon yard.

Upon these facts the justice nonsuited the plaintiff. An appeal was taken from the judgment, but no affidavit for a new trial was filed, and the case was tried in the circuit court upon the testimony returned by the justice, and the judgment of the justice was reversed and judgment entered for the plaintiff for $200 and costs. From this judgment the defendant appeals.

*S. M. Marsh,* for the appellant.

*Geo. L. Jacques,* for the respondent.

WINSLOW, J.   Notwithstanding there was no new trial of the case in the circuit court it was the duty of the court to give judgment according to the weight of the evidence and the justice of the case without regard to the finding of the justice of the peace. Sec. 3769, Stats. (1898); *Silvernail v. Rust,* 88 Wis. 458, 60 N. W. 787. This court will not reverse the conclusions of fact of the circuit court in such a case unless

they are contrary to the clear preponderance of the evidence. *Donner v. Genz,* 129 Wis. 245, 107 N. W. 1039, 109 N. W. 71.

The circuit judge concluded that the undisputed fact that the horses were running loose and unattended on the street raised an inference or presumption of negligence on the part of the owner, and that, in the absence of testimony to meet or overcome this presumption, it entitles the plaintiff to recover.

There is considerable authority to support the proposition that the fact that a horse is running unattended upon the public street raises an inference or *prima facie* case of negligence on the part of the custodian which requires explanation. *Thane v. Douglass,* 102 Tenn. 307, 52 S. W. 155; 1 Thompson, Com. on Neg. § 1297, and cases cited. While this proposition is not universally held, it seems entirely reasonable in view of the fact that facts showing that the horse did not escape by reason of negligence, but by reason of some occurrence consistent with the exercise of reasonable care, must ordinarily be within the knowledge of the custodian of the horse and rarely within the knowledge of the person injured.

The question whether this inference goes so far as to charge the *owner* with responsibility for such negligence, or, in other words, to raise a presumption that the owner or his servant was in charge of the animal when it was negligently allowed to escape, is not so clear, although supported by authority; the ground being that ownership implies possession, and that in the absence of proof possession is presumed to be in the person entitled thereto. *Norris v. Kohler,* 41 N. Y. 42; *Thane v. Douglass, supra.*

In the present case, however, we are not required to adopt this latter proposition. There was evidence here showing that the owner was on the ground immediately after the occurrence, thus showing his close proximity to the team when it escaped, that he assisted in separating the horses and took charge of them at once, and that he promised to make it all

right with the plaintiff. In the absence of evidence to the contrary, we think this evidence justifies the conclusion that the owner or his servant was in charge of the horses when they escaped.

*By the Court.*—Judgment affirmed.