LUCKOW, Respondent, vs. BOETTGER and another, imp., Appellants.

*May 13—June 3, 1909.*

*Appeal from justices' courts: Judgment without new trial: Appeal to supreme court: Review: Findings of fact: Presumptions: New trial after reversal.*

1. The circuit court when required to give judgment pursuant to sec. 3769, Stats. (1898), should act solely upon the evidence upon which the court below acted, not considering any ruled out by the latter as improper or any conjecture as to evidence which might have been given by answering questions not permitted, because thought to be objectionable.
2. On appeal to this court from the judgment of the circuit court given under sec. 3769, Stats. (1898), the rule obtains that the determination by such court as to facts should not be disturbed unless contrary to the clear preponderance of the evidence.
3. A determination by the circuit court of issues of fact by application of wrong rules of law is not supported on appeal by the presumption in favor of its correctness, requiring a clear preponderance of evidence to the contrary to warrant disturbing it.
4. Where, upon appeal to this court, findings of a trial court are condemned because made by application of wrong rules of law and the right of the matter does not clearly appear from the evidence, the case upon reversal will be remanded to the trial jurisdiction to find the facts, proceeding in the light of correct legal principles.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

The action was tried in the municipal court of Manitowoc county. The practice as to appeals from such court to the circuit court is the same as in case of appeals from justices' courts. The judgment in the municipal court was in defendants' favor. They duly appealed to the circuit court without making the affidavit required by sec. 3768, Stats. (1898), requisite to obtain a trial *de novo*. The circuit court, nevertheless, considered evidence returned, which the municipal judge rejected as improper in deciding the case, and also inferred what witnesses would have testified to in answer to questions supposed to have been improperly ruled out, reaching the conclusion that the municipal judge's findings in some respects were wrong and reversed the judgment with costs as hereafter indicated.

Plaintiff's claim was this: October 27, 1901, plaintiff loaned defendants, as copartners, $500, to be paid with interest on demand, taking their promissory note therefor. December 27, 1901, there was paid thereon $100. The note was surrendered and it was agreed that the balance, $400, should be treated as a loan to defendants at five per cent. interest, and their note therefor was taken. December 27, 1903, the note was renewed by one made by defendant *H. J. Boettger.* No payment has been made upon that note, except interest prior to December, 1905. Plaintiff is entitled to judgment for the balance of the original loan with interest as specified in the last note subsequent to December 27, 1905.

The defendant *H. J. Boettger,* answering separately, and the others jointly, claimed this: Prior to the giving of the note of $400 the partnership was dissolved, *H. J. Boettger* assuming and agreeing to pay all the firm's indebtedness, of which plaintiff was fully advised, and plaintiff accepted the successor as his debtor in place of the firm, surrendering the $500 note, and taking the note of such successor for $400 and $20 cash as consideration therefor. Subsequently such proceedings were duly had in bankruptcy that such successor was

fully discharged from his indebtedness, including that on the note.

The trial court found as claimed by defendants, except: held, that the new note for $400 was not taken in payment of the firm's indebtedness upon the old note, under an agreement to accept the maker of the former as the sole debtor; that the new note was taken as a renewal of the old indebtedness and as security therefor; that no consideration passed at the time of the transaction of taking the new note for a substitution of the individual liability of the maker thereof for that of the firm; that on the trial the new note was duly surrendered into court to be delivered to the maker; that such maker was, as claimed, duly discharged of his indebtedness in bankruptcy; and that the judgment of the municipal court dismissing the cause as to him should be affirmed, but that the judgment as to the other defendants should be reversed and judgment be rendered against them for the unpaid indebtedness, being with interest $435.44 with costs.

Judgment was rendered accordingly, from which this appeal was taken.

For the appellants there was a brief by *Healy & Joyce*, attorneys, and *C. H. Sedgwick*, of counsel, and oral argument by *Mr. Sedgwick*.

For the respondent there was a brief by *F. W. Dicke*, attorney, and *Nash & Nash*, of counsel, and oral argument by *Mr. Dicke* and *Mr. E. G. Nash*.

MARSHALL, J.    The appeal from the municipal court in question should have been disposed of in the circuit court as provided in sec. 3769, Stats. (1898), that is to say, there being no affidavit entitling appellant to a trial *de novo*, judgment should have been given "according to the weight of the evidence and justice of the case without regard to technical errors" not affecting "the merits and without regard to the findings of the" municipal judge.

Formerly the practice was merely to affirm or reverse the judgment of the trial court. That was changed by the revision of 1878 so as to permit of a reversal or affirmance, in whole or in part, either as to damages or costs, or both, but the findings of the trial court were still required to be given sufficient weight to preclude their disturbance unless unsupported by the evidence. That is, such findings were to be regarded on appeal as having substantially the force of findings in case of an appeal to this court from the circuit court upon the question of whether they are warranted by the evidence. That was changed by ch. 216, Laws of 1891, so as to require the evidence returned to the circuit court to be viewed, substantially the same as if taken originally in such court, the findings of the trial court to be regarded as having very little dignity in the matter (*Silvernail v. Rust,* 88 Wis. 458, 60 N. W. 787), yet not to be so wholly disregarded but that the advantages of the trial court over the reviewing court, by reason of opportunity to see and hear the witnesses, might be taken account of (*Smith v. Norton,* 114 Wis. 458, 90 N. W. 449). The court there said:

The language of the statute, "without regard to the finding of the justice," does not mean that "the evidence returned must be construed most strongly in favor of the losing party. The question presented is purely one of fact. The justice who saw and heard the witnesses found for the defendant. He undoubtedly did so because he thought such finding was in accordance with the weight of the evidence. The evidence returned seems to justify such finding. The county court affirmed that judgment. Notwithstanding the language of the statute, we must concur in such finding."

The two amendments to the original statute leave the practice the same as formerly, to the extent that the decision of the circuit court is required to be made upon the evidence returned by the trial court as having been considered there. The former cannot legitimately consider evidence ruled out by the latter even if it is embodied in the return, nor consider

the effect of answers which it may be conjectured witnesses would have given to questions ruled out as improper. To do so would be clearly extrajudicial because the statute, quite clearly, though not expressly, prohibits it.

The result of the foregoing is that the circuit court, in not taking into consideration at all the advantages which the municipal court had of seeing the witnesses and hearing them testify, and in not only considering evidence which the municipal judge ruled out but evidence not given at all; evidence it was supposed would, or might, have been given had questions ruled out as improper been permitted to be answered, committed errors of law, rendering the conclusions reached not supported in this court by the ordinary presumption of correctness. That presumption in presence of the conclusion having been reached by the application of wrong rules of law does not obtain in case of an appeal from a judgment of the circuit court on appeal from an inferior court without a new trial. The rule is the same in such circumstances as on appeal from a judgment of the circuit court in a case tried without a jury. *Donner v. Genz,* 129 Wis. 245, 107 N. W. 1039, 109 N. W. 71; *Brunkow v. Waters,* 131 Wis. 31, 110 N. W. 802. In any case, findings of a trial court on matters of fact made by application to the evidence of wrong rules of law which did, or probably may have, efficiently influenced the result, are not supported in the reviewing court by any presumption of their correctness, but they must be tested solely by the evidence. Unless it appears that there is a clear preponderance of such evidence in support of the judgment as it was proper for the trial court to have considered, it must be reversed and the cause remanded to the proper jurisdiction to make the proper findings and judgment, subject to review. *Brown v. Griswold,* 109 Wis. 275, 85 N. W. 363; *Hawkes v. Slight,* 110 Wis. 125, 85 N. W. 721; *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246.

In *Kinn v. First Nat. Bank,* 118 Wis. 537, 548, 95 N. W. 969, it was said: "The trial court is the appropriate place for the determination of such questions."

And in *Priewe v. Fitzsimons & C. Co.* 117 Wis. 497, 511, 94 N. W. 317, 322:

"The evidence is certainly not sufficiently conclusive for respondents to enable us to come to a satisfactory conclusion . . . without doing the work here that rightfully should be done by a trial judge and generally is left, upon a reversal, for him to do, where there is considerable doubt as to the truth of the matter."

In *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 443, 89 N. W. 538, 92 N. W. 266, the case turned below on a conclusion of fact reached under a wrong conception of the law, necessitating a reversal, and it was uncertain which of two reasonable inferences was right in the light of right rules of law, and it was said:

"In that situation this court does not direct the judgment to be rendered if the unsolved issues of fact might go either way and it is doubtful which is proper, so that in attempting to decide them originally here injustice might be done."

It may be that it would be better practice in such a case as this to determine here the right of the matter from the evidence and end the litigation. True, it seems like imposing an unnecessary burden upon a respondent having just such a judgment as he is entitled to, to mulct him with costs because of an error for which he is not to blame and compel him again to seek redress in the trial court with the danger of a second appeal to this court before the controversy can be finally terminated. It may be that, especially in a case of this sort, where the trial court cannot any more than this court have the benefit of seeing the witnesses and hearing them testify,— where the opportunity for determining the real right of the matter is the same here as in the court below with the advantages in favor of this jurisdiction of several minds to deal

with the subject instead of one,—the cause should be finally terminated here in such a situation as we have before us, even if the rights of the parties upon the evidence be involved in considerable doubt. But the fact remains that this jurisdiction, in such matters, is for the exercise of purely appellate power, not that of rendering judgments as in the exercise of original jurisdiction, and the practice has been quite rigidly in harmony therewith. So much so, the court is of the opinion that it is not best, at this time, to depart from it even if that might legitimately be done.

It is the opinion here that, had the trial court not committed the errors of law referred to, a different conclusion might have been reached as to whether the new note was taken in payment of the old one; that, upon the evidence, the decision might go either one way or the other; and that which is the proper way is involved in serious doubt. Therefore, the judgment must be reversed.

We will not review the evidence or make any intimation as to the weight which should be given to any portion of it. That course seems best in order to leave the trial jurisdiction opportunity to discharge its duty untrammeled by any suggestion which might interfere with its judgment within its peculiar field.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.