JAMES, Appellant, vs. WOERPEL, Respondent.

*February 11—March 9, 1920.*

*Justices of the peace: Appeal to circuit court: Review without trial.*

1. Where plaintiff, on appeal to the circuit court from a judgment of a justice of the peace, filed no affidavit for a trial *de novo* under sec. 3768, Stats., the circuit court was required to give judgment according to the weight of the evidence and the justice of the case, without regard to the finding of the justice and upon the return.
2. Where it is evident from the decision of the trial court that he indulged in the presumption that there was evidence other than that appearing in the transcript, and that he felt bound to affirm the judgment because he was not convinced it was wrong, the appellant was not accorded the review to which he was entitled under sec. 3769, Stats., and the judgment of the circuit court is reversed.

APPEAL from a judgment of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

In justice's court the plaintiff commenced this action upon two causes of action: one for damages claimed to have been done to his automobile while it was in defendant's care and custody in a barn near defendant's garage in Dodgeville, and the other for the failure thereafter to return such car to plaintiff upon his demand.

Defendant denied liability, and evidence was received on both sides. The justice of the peace, there being no jury trial, found for defendant on both causes of action.

The testimony was written out in longhand by the justice and he certified to its correctness in his original return. Subsequently, at plaintiff's request, the justice had the testimony typewritten and certified as to its correctness in a supplemental return. A comparison of the two shows no variation except that in defendant's testimony relating to a conversation with plaintiff as to the purpose for which one McG., who subsequently, in defendant's absence, took the automobile to Madison, was to come and see the automobile with a view to a possible sale of it, the words "and that he, McG., was going to sell the car" were omitted in the typewritten copy.

The plaintiff appealed to the circuit court from the judgment of dismissal, and upon the hearing thereof the circuit judge filed his decision in writing and affirmed the judgment. In the decision appears, among other things, the following:

"The justice seems to have taken down the testimony fairly well, but it is evident that much that was said upon the trial is not before the circuit court, and could not be, as it was taken in longhand with abbreviations. I have looked over the testimony carefully, as written in the first instance with a pen by the justice and later typewritten so that it could be more easily read. . . .

"Of course it is the rule that upon a review of judgment in justice court upon the record the circuit court, unless the determination of the justice court was unsupported by the evidence, must affirm the judgment of the justice.

"I need not go to the extent of following that rule to affirm the judgment; because I am satisfied upon the testimony as reported that the defendant is not responsible for the injury that was done to this 'Overland' auto while it was in the barn. . . .

"Why it was left in Madison does not appear from the evidence, as many other things do not appear upon which

light ought to have been thrown and perhaps was thrown during the trial in justice court."

"It is certain the jury found for the defendant and that judgment was entered accordingly. The jury were better judges of the facts of the case than this court can be now, because they heard all that was said and saw all that was done during the trial.

"I am not convinced that this judgment in the justice court was not right. Therefore let judgment be entered that the judgment of the justice court is affirmed and that defendant recover his costs in this court."

From such judgment of the circuit court the plaintiff has appealed.

*M. J. Briggs* of Dodgeville, for the appellant.

For the respondent there was a brief by *McGeever & McGeever* of Dodgeville, and oral argument by *James D. McGeever* and *W. C. McGeever.*

Eschweiler, J. The plaintiff upon his appeal to the circuit court filed no affidavit under sec. 3768, Stats., for a trial *de novo.* This made it imperative upon the circuit court to give judgment according to the weight of the evidence and the justice of the case without regard to the finding of the justice and upon the return. Sec. 3769, Stats.; *Silvernail v. Rust,* 88 Wis. 458, 460, 60 N. W. 787; *Fintel v. Cook,* 88 Wis. 485, 60 N. W. 788; *Smith v. Norton,* 114 Wis. 458, 90 N. W. 449; *Brunkow v. Waters,* 131 Wis. 31, 110 N. W. 802.

It is evident from his written decision quoted above that in disposing of the appeal he indulged in the presumption that there was other testimony presented to and considered by the justice or jury, as he inadvertently stated, than that found in the transcript. He also evidently felt bound to affirm because not convinced that the judgment of the justice was wrong.

Both of these views as to his duty under this statute were wrong. Failing to give the appellant the statutory right

secured to him, the judgment must be reversed to the end that such a review be had where the law declares it must be had before this court can be properly invoked to review the proceedings. *Luckow v. Boettger*, 140 Wis. 62, 65, 121 N. W. 649.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings.