CHAPLEAU, Appellant, vs. MANHATTAN OIL COMPANY, Respondent.

*October 11—November 8, 1922.*

*Courts: Appeal from municipal court of Fond du Lac county: Trial de novo: Review by circuit court: Damages: Injuries to personal property: Measure of damages: Proof.*

1. On appeal from a judgment of the municipal court of Fond du Lac county the parties are not as a matter of course entitled to a trial *de novo* in the circuit court, the specific language of sec. 23, ch. 244, Laws 1921 (creating said municipal court), controlling the subject, in preference to the general provisions of secs. 3767–3769, Stats., pertaining to appeals from justices' courts.

2. On such an appeal the circuit court is not governed in its treatment of the findings of the trial court by ch. 549, Laws 1909, which relates solely to the civil court of Milwaukee county, but is subject to the express language of sec. 23, ch. 244, Laws 1921, granting to the circuit court the same powers upon the hearing of an appeal as are granted in sec. 3769, Stats.

3. Plaintiff having testified that an automobile negligently damaged by defendant would have to be painted in another year, and it appeared that repainting added substantially to its value over and above that which it had prior to the accident causing the damage, it was not only right but proper for the court to make a deduction in the bill for painting for the permanent improvement.

4. Where personal property which has been injured is susceptible of repair, the measure of damages is ordinarily the difference between the reasonable market value immediately before and such value immediately after the injury at the place thereof.

5. The charge for repainting being reasonable, it was error to disallow $60 of such charge on the ground that the repairman delivered the car to another company for painting and was allowed a trade discount of $60 on the entire bill, such discount not being allowed to the plaintiff.

6. Were miscalculation of interest as part of the damages the only assignment of error, the fact that counsel failed to call the court's attention to such miscalculation would preclude the taxing of costs.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Modified and affirmed.*

Action for damages for negligent injury to plaintiff's Pierce Arrow touring car, consisting of the breaking in of the rear panel of the car and the breaking of the tire supports, the tire carrier, channel, and demountable rim. The action was brought in the municipal court of Fond du Lac county and tried by the court, and the sole issue submitted was one of damages. Such court rendered judgment in favor of the plaintiff and against the defendant for the sum of $727.58, consisting of the repair bill, namely, $646.98, the sum of $38.40 for loss of use of car, and $42.19 costs. From this judgment an appeal was taken to the circuit court for Fond du Lac county, and upon a hearing in the matter, based solely upon a review of the record of the municipal court, the circuit court reduced the amount allowed by the municipal court for repairs in the sum of $167.50, and directed that interest be allowed on the municipal court judgment from October 7, 1921, for a period of four months and twenty-eight days, in the sum of $4.20. From such judgment of the circuit court plaintiff brings this appeal.

For the appellant there was a brief by *L. J. Fellenz,* attorney, and *Kelley & Fellenz,* of counsel, all of Fond du Lac, and oral argument by *L. J. Fellenz* and *J. L. Kelley.*

For the respondent there was a brief by *Sutherland, Hughes & Sutherland* of Fond du Lac, and oral argument by *Alfred D. Sutherland.*

DOERFLER, J.   Appellant's first assignment of error is based upon the contention that on an appeal from a judgment of the municipal court of Fond du Lac county in an amount in excess of $15, exclusive of costs, there can only be a new trial, and that the circuit court had no jurisdiction to try the action upon the record transmitted by the municipal court.

Sec. 23 of ch. 244 of the Laws of 1921, creating the municipal court of Fond du Lac county, provides as follows:

"All appeals from said municipal court shall be direct to the circuit court of Fond du Lac county, and shall be taken in the same manner as provided by law for the appeals from courts of justices of the peace.   Such appeals shall be heard on the original papers and the return of the municipal judge, containing a full transcript of the evidence and all rulings of the court in said actions; and said circuit court shall have full power in all cases where it is deemed necessary for the furtherance of justice, to order a new trial in said circuit court, and shall have the same powers upon the hearing of said appeal as are granted in section 3769 of the statutes."

Sec. 3767 of the Statutes, pertaining to appeals from justices' courts, provides:

"The appeal shall be heard on the original papers and the return of the justice, containing all the material evidence and his rulings in the action, in case the judgment, exclusive of costs, does not exceed fifteen dollars, except as otherwise provided in the next section."

Sub. 1 of sec. 3768 of the Statutes provides in substance that appeals from justices' courts shall be tried in the appellate court as actions originally brought there, when

the judgment appealed from shall exceed fifteen dollars, exclusive of costs.

Sec. 3769 of the Statutes provides as follows:

"Upon the hearing of the appeal, when there is no new trial, the appellate court shall give judgment according to the weight of the evidence and the justice of the case, without regard to technical errors which do not affect the merits and without regard to the finding of the justice, and may, if necessary, amend the pleadings therein, render an affirmative judgment or affirm or reverse the judgment in whole or in part, either as to damages or costs, or both, as to any or all of the parties, and for errors of law or fact."

Under the statutes above cited and referred to, was the plaintiff entitled to a trial *de novo* in the circuit court as a matter of course, or did the circuit court have power and jurisdiction to try the cause upon the record transmitted by the municipal court?

It would appear conclusively that the following portion of sec. 23, ch. 244, Laws 1921, above referred to, is decisive of the question involved:

"Such appeals shall be heard on the original papers and the return of the municipal judge, containing a full transcript of the evidence and all rulings of the court in said actions." Then follows the exception: "and said circuit court shall have full power in all cases where it is deemed necessary for the furtherance of justice, to order a new trial in said circuit court, and shall have the same powers upon the hearing of said appeal as are granted in section 3769 of the statutes."

Giving that portion of sec. 23 of the municipal court act its true construction in order to effect the intention of the legislature, it must be held that all cases on appeal from the municipal court must be tried upon the record transmitted from that court, excepting where the circuit court shall, in the interests and for the furtherance of justice, deem it necessary to order a new trial. There being specific language covering the subject in the municipal court act, such

language will govern in preference to the general language contained in secs. 3767, 3768, and 3769 of the Statutes, pertaining to the hearing of appeals from justices' courts.

Plaintiff's counsel assign as their second assignment of error that, in the event that this court shall determine that the circuit court had power and jurisdiction to try the cause upon the record, it was not authorized to disturb the findings of the municipal court unless such findings of such court were contrary to the clear preponderance of the evidence. In that behalf it is contended that the findings of the municipal court on an appeal to the circuit court must be governed by the rule applicable to appeals from the civil court of Milwaukee county, as is held in *Pabst B. Co. v. Milwaukee L. Co.* 156 Wis. 615, 146 N. W. 879, and in *Clausing v. Jacobs,* 147 Wis. 438, 133 N. W. 582. Appeals from the civil court to the circuit court are governed by the express language of ch. 549 of the Laws of 1909, under and pursuant to which the findings of the civil court on an appeal have the same standing and weight as findings of the circuit court on an appeal to the supreme court, and under such rule such findings cannot be disturbed unless the same are contrary to the clear preponderance of the evidence. The express language, however, contained in the civil court act is not contained in the municipal court act; on the contrary, sec. 23 of ch. 244 of the Laws of 1921, creating the municipal court of Fond du Lac county, expressly provides, in substance, that the circuit court shall have the same powers upon the hearing of said appeal as are granted in sec. 3769 of the Statutes.

As stated in *James v. Woerpel,* 171 Wis. 164, 166, 176 N. W. 845:

"This made it imperative upon the circuit court to give judgment according to the weight of the evidence and the justice of the case without regard to the finding of the justice and upon the return." Sec. 3769, Stats.; *Silvernail v. Rust,* 88 Wis. 458, 460, 60 N. W. 787; *Fintel v. Cook,*

88 Wis. 485, 60 N. W. 788; *Smith v. Norton,* 114 Wis. 458, 90 N. W. 449; *Brunkow v. Waters,* 131 Wis. 31, 110 N. W. 802.

From the authorities here cited the second assignment of error of appellant's counsel must be determined against him.

In connection with this assignment it is also claimed that the circuit court erred in reducing the amount of the bill for the painting of the car by $107.50. The total bill for painting was $275, which charge represented the painting of the entire car. It appears that plaintiff on the trial stated that the car would have to be painted in another year. Inasmuch as it appears that the repainting of the car added substantially to its value over and above that which it had prior to the accident, it was not only right but proper for the court to make a deduction for the permanent improvement.

Where an injury to personal property does not effect its destruction, that is, where it is susceptible of repair, ordinarily the measure of damages is the difference between the reasonable market value of the property immediately before the injury at the place thereof and its reasonable market value immediately after the injury at the place thereof; and it is also held that such measure is not what it actually cost to repair, but what it would reasonably cost to put the property in such condition as it was before. *Louisville & N. R. Co. v. Mertz, Ibach & Co.* 149 Ala. 561, 43 South. 7; *Southern R. Co. v. Kentucky G. Co.* 166 Ky. 94, 96, 178 S. W. 1162. It is also stated in Berry on Automobiles (3d ed.), sec. 968:

"Evidence of the fair cost of repairs made necessary by the injury, less the increased value of the repaired machine above its value before the accident, is legitimate evidence of the plaintiff's loss."

See, also, *Coffin v. Laskau,* 89 Conn. 325, 94 Atl. 370, L. R. A. 1915E, 959; Berry, Automobiles (3d ed.) sec. 980;

*Wells, Fargo & Co. v. Keeler* (Tex. Civ. App.) 173 S. W. 926; *Southern R. Co. v. Kentucky G. Co.* 166 Ky. 94, 96, 178 S. W. 1162; *Blanke v. United Railways Co.* (Mo. App.) 213 S. W. 174.

Plaintiff in his third assignment of error contends that the circuit court erred in disallowing the item of $60 for the reason that no issue was raised as to the right to make such charge during the trial in the municipal court. Upon the hearing of an appeal when there is no new trial the appellate court, pursuant to sec. 3769 of the Statutes, shall give judgment according to the weight of the evidence and the justice of the case; and in the instant case it must necessarily do this from the record. The automobile was delivered to the American Automobile Company by the plaintiff for repairs. All the necessary work was done by such company with the exception of the painting, for which it had no proper facilities. It appears that the nearest company properly equipped to do the painting job on a car like the plaintiff's was the Abresch Company of Milwaukee, and said Automobile Company therefore left the car with said Abresch Company to perform the painting job. The total bill of the Abresch Company was $275, and the latter company, it appears, allowed to the Automobile Company a trade discount of $60. It appears from the evidence that the sum of $275 constitutes a reasonable charge for the painting. The $60 discount was not allowed to the plaintiff but to the Automobile Company, and the plaintiff in any event was obligated to pay the total amount of the charge. In fact, the allowance of a trade discount in circumstances appearing as in this case is common. Any person not in the automobile garage business would have had to pay the full amount of the bill without deduction for discount. It follows, therefore, that the circuit court erred in deducting the $60 allowed for discount to the American Automobile Company.

The fourth assignment of error is based upon the allowance by the circuit court of interest on the judgment in the municipal court from the 7th day of October, 1921, to the 5th day of March, 1922, in the sum of $4.20. Such allowance was clearly based upon a miscalculation, and the amount allowed should be $12.88. Were this the only assignment of error, the fact that the plaintiff's counsel failed to call the attention of the court to such miscalculation would preclude the plaintiff from taxing costs. But inasmuch as the judgment of the circuit court must be reversed in part, we conclude that the plaintiff is entitled to costs in this court.

The judgment of the circuit court is therefore modified so as to allow the plaintiff the sum of $60 deducted as a trade discount, and the cause is remanded to the circuit court to enter judgment in favor of the plaintiff for the sum of $577.88, and $42.19 costs in the municipal court, making a total of $620.07, with interest thereon from October 7, 1921, plus the taxable costs in the circuit court.

*By the Court.*—The judgment of the circuit court is therefore modified in accordance with this opinion, and as so modified affirmed, with costs to the plaintiff.