BUNDE, Appellant, vs. BADGER CARPET DYERS, INC., Respondent.

*November 3—December 2, 1952.*

622

*Herman M. Knoeller,* attorney, and *Truman Q. McNulty* of counsel, both of Milwaukee, for the appellant.

For the respondent there was a brief by *Lamfrom, Tighe, Engelhard & Peck,* attorneys, and *Francis X. Krembs* of counsel, all of Milwaukee, and oral argument by *Mr. Krembs.*

MARTIN, J.    The only question on this appeal is as to the true measure of damages.

It is clear from the record that the rug here involved is presently unsalable. Mr. John Walbridge, the expert witness, set a value upon the rug, before cleaning by the defendant, of $1,500 to $1,600. This testimony is credible and uncontradicted and we must accept it as a verity. The value of an article of this nature, no longer available on the market, is not a subject of common knowledge.

In our opinion the rule of cost of reproduction less depreciation is not a proper one to use in this case. The circuit court took the minimum life expectancy of fifty years, deducted thirty years' use, and allowed plaintiff to recover the balance of its value. The life expectancy of a rug would depend largely upon the care it was given and the use to which it was put, but this fact was not taken into consideration by the circuit court, although the record shows that it had exceptionally good care by plaintiff and his parents and that for many years it had less than average use and wear.

Under the facts of this case the proper measure of damages is the value of the property before delivery as against its value when returned. As stated in 6 Am. Jur., Bailments, p. 394, sec. 294, the general rule is "that the measure of damages is the difference between the value of the property immediately before, and its value immediately after, it was damaged." See also 8 C. J. S., Bailments, p. 364, sec. 55; *Chapleau v. Manhattan Oil Co.* (1922), 178 Wis. 545, 190 N. W. 361.

The judgment must be modified to allow plaintiff $1,500 damages, the minimum value of the rug, as testified to by the expert, immediately prior to bailment.

The trial court by stipulation allowed defendant $117 for services previously rendered. No appeal was taken from that part of the judgment. Defendant should be allowed this credit against the amount of damages herein set forth. Plaintiff shall be entitled to interest at the legal rate from the date of judgment.

*By the Court.*—Judgment modified as set forth in the opinion and, as so modified, is affirmed. Appellant to have his costs on this appeal.