(40 Misc. Rep. 664.)

ROCK v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.  March, 1903.)

1. DAMAGES—INJURY TO PERSONAL PROPERTY—MEASURE.
    In an action for injuries to a van, the amount paid to have it repaired
    was not the measure of damages, in the absence of proof that the re-
    pairs were necessary and reasonably worth the amount paid.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Joseph Rock against the Interurban Street Railway Company.  Judgment for plaintiff, and defendant appeals.  Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Arthur K. Wing, for appellant.

Wilson Lee Cannon, Jr., for respondent.

GILDERSLEEVE, J.  The plaintiff's van was injured by defend-
ant's car.  The plaintiff sued for the damages caused thereby.  The
case was tried before the justice, with a jury.  Several witnesses
were called on each side, and the jury found in favor of the plain-
tiff in the sum of $249, the whole amount for which the action was
brought.  Defendant appeals.

The judgment is assailed on two alleged errors of the trial justice:
(1) For not dismissing the complaint on the ground of improper and
inadequate proof of damages.  (2) In instructing the jury that, if
they found a verdict for the plaintiff at all, it could only be in the
amount of $249.  The evidence as to the amount of the damage sus-
tained was as follows, viz.:  Plaintiff testified in detail what injuries
the van suffered.  He then goes on to state:

"The van cost when new $669.  I took it to Nelson, the man who made it.
At time of accident it was like new.  I had it brand-new in January of this
year.  I only had it a couple of months."

Nelson testified that he had built many vans, and knew what it
costs to repair them; that plaintiff brought the van to him to be re-
paired; that he itemized what was the matter with the van, and what
it would cost to repair it.

"Q. Did you overhaul it yourself?  A. Yes, sir, myself.  Q. Have you the
items of the injury to the van, and what it would cost to repair it?  A. Yes,
sir.  Q. Please read it to the jury.  A. Two new side panels, $80;  one new
bottom frame piece, $8;  one standard, $1.50;  setting one axle, $3.00;  two
new spokes, 70 cents;  setting one door, $1.00;  setting one spring, $3.50;  re-
pairing and refitting brake, $4.00;  painting, $60;  pictures, $100;  118 feet
of gold lettering, $59.  That is all.  Q. What is the total cost of repairing it?
A. $320.70.  By the Court:  Q. What was the total cost of repairing the van?
A. $320.70."

Defendant made a motion to dismiss on the ground, among others,
that "the damages have been inadequately and insufficiently proven."
The motion was denied, and defendant excepted.

In his charge to the jury, the court said:

"Of course, if you find a verdict for the plaintiff at all, it can only be
in the amount of $249.  *  *  *  So that, if you find that the plaintiff was

not guilty of any negligence that contributed to the accident, and if the defendant was guilty of negligence which caused the accident, you will find a verdict for the plaintiff for $249."

Defendant excepted to that portion of the charge wherein the court said that the verdict could be only in the amount of $249.

It will be observed, by a careful reading of the testimony, that only the cost is given, and there is no statement or evidence that such cost represented the reasonable worth of the necessary repair. The justice manifestly took the cost of repairing—$320—to be the damage proved, and, this being a sum in excess of the amount demanded in the complaint, he instructed the jury, as we have seen, that, if they found for plaintiff, their verdict should be in the sum of $249, which was the limit fixed by the complaint. In the absence of evidence that the repairs were necessary and reasonably worth the sum paid, it was error to hold that the sum paid could be recovered up to the limit allowed by the demand in the complaint. See Gumb v. Twenty-Third St. R. R. Co., 114 N. Y. 414, 21 N. E. 993; Lynch v. Kluber, 20 Misc. Rep. 603, 46 N. Y. Supp. 428; Volkmar v. Third Ave. R. R. Co., 28 Misc. Rep. 141, 58 N. Y. Supp. 1021; Schimpf v. Sliter, 64 Hun, 466, 19 N. Y. Supp. 644. Moreover, had the proof as to the amount of damages been adequate, the exact amount to be awarded was entirely and exclusively one for the jury. The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.