DRINKWATER, Appellant, vs. ANDREW, Respondent.

*October 27—November 14, 1905.*

*Limitation of actions: Injury to person: Notice: Assault and battery.*

The provision in subd. 5, sec. 4222, Stats. 1898, that no action for an injury to the person shall be maintained unless written notice of the injury be given within one year after the happening of the event, refers to such an action for injury to the person as is thereinbefore mentioned, *i. e.* one for which a different period of limitation is not expressly provided, and therefore is not applicable to an action for an injury inflicted by an assault and battery, the limitation for which is prescribed by sec. 4224.

APPEAL from a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

For the appellant there were briefs by *Bushnell, Watkins & Moses,* and oral argument by *A. R. Bushnell.*

For the respondent there was a brief by *Lowry & Carthew,* and oral argument by *E. M. Lowry.*

CASSODAY, C. J. This action was commenced August 10, 1904, to recover damages for an alleged assault and battery inflicted on the plaintiff by the defendant May 9, 1903. The defendant answered by way of denials, and alleged that the cause of action mentioned in the complaint was barred by sec. 4222, Stats. 1898, in that the plaintiff failed to give the notice in writing "within one year after the happening of the

event causing such damage," required by subd. 5 of that section. At the close of the plaintiff's evidence, from which it appeared that the damage complained of happened May 9, 1903, and that the action was not commenced until August 10; 1904, and that no such notice was ever given, the court, on motion of the defendant, granted a nonsuit and ordered judgment to be entered in favor of the defendant and against the plaintiff for the costs and disbursements of the action, and the same was entered accordingly. From that judgment the plaintiff appeals.

The decision of this case turns upon the construction to be given to subd. 5, sec. 4222, Stats. 1898. That section, as contained in the Revised Statutes of 1878, prescribed a six-year limitation to each of the cases mentioned in the seven subdivisions thereof, and they are all continued in the present Statutes, with certain additions to the fifth subdivision by way of amendments, hereinafter considered. That subdivision, as so contained in the Revised Statutes of 1878, reads:

"5. An action to recover damages for an injury to property, real or personal, or for an injury to the person, character or rights of another not arising on contract, except in a case where a different period is expressly prescribed."

Obviously the words "an action to recover damages . . . for an injury to the person," therein contained, did not include assault and battery, for the simple reason that there is excepted therefrom every "case where a different period is expressly prescribed," and another section of the Revised Statutes of 1878 expressly prescribed a two-year limitation, among other cases, for "an action to recover damages for libel, slander, assault, battery, or false imprisonment." Sec. 4224. Each and all of the seven subdivisions of that section are also continued in the present Revised Statutes. In pursuance of a well-established rule, such provisions of the Statutes should "be construed as a continuation of" the Revised Statutes of 1878, unless the amendments to subd. 5, sec. 4222,

referred to are to the contrary. Sec. 4985, Stats. 1898; *Julien v. Model B., L. & I. Asso.* 116 Wis. 79, 90, 92 N. W. 561; *Madden v. Kinney,* 116 Wis. 561, 568, 93 N. W. 535; *Danforth v. Oshkosh,* 119 Wis. 262, 309, 97 N. W. 258. The first addition to that subdivision related only to an "action to recover damages for injuries to the person, received without this state." Ch. 149, Laws of 1895. Of course, that has no application here. The next amendment declared that: "Section 4222 of the Revised Statutes, as amended by chapter 149 of the Laws of 1895, is hereby amended by adding to subdivision 5 of said section the following: No action to recover damages for an injury to the person shall be maintained unless within one year after the happening of the event causing such damages, notice in writing" be given as therein prescribed. Sec. 1, ch. 304, Laws of 1897; subd. 5, sec. 4222, Stats. 1898. Manifestly the "damages for an injury to the person" mentioned in this amendment are the same class of "damages . . . for an injury to the person" mentioned in the same subdivision prior to the amendment; and hence do not include damages inflicted by an assault and battery, for which a different limitation is prescribed. Since the two-year limitation for an action to recover damages for an injury to the person resulting in death, as well as for an assault and battery, is prescribed by sec. 4224, Stats. 1898, it is obvious that, if the amendment requiring notice of the injury to be served within the year does not apply to the one, then it does not apply to the other.

This distinction has not heretofore been brought to our attention. In some of the actions for injury to the person resulting in death it may be that expressions have been used by this court based upon the assumption that the amendment to the statute requiring such notice within the year was applicable. See, particularly, *Hupfer v. National D. Co.* 119 Wis. 417, 428, 96 N. W. 809. But we have had no occasion to decide the question, and, of course, have never decided it. We

must hold that the statute requiring written notice of an injury to the person to be given "within one year after the happening of the event causing such damages" is not applicable to an injury inflicted by an assault and battery.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.