INTERNATIONAL & G. N. RY. CO. v. DAVIS. (No. 5447.)

(Court of Civil Appeals of Texas. Austin. March 31, 1915.)

1. APPEAL AND ERROR ☞1052 — HARMLESS ERROR—ADMISSION OF EVIDENCE.

Defendant may not complain of admission of plaintiff's testimony of the cost of an article, claimed to have been injured, the verdict stating nothing was allowed on account of its injury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. ☞1052.]

2. EVIDENCE ☞472—INJURY OF HOUSEHOLD FURNITURE—DAMAGES.

Plaintiff's wife, in an action for injury to their household furniture, after a showing that there was no market price for any of it, could testify as to what she regarded its value to herself and husband before its injury, and how much, in her judgment, it had been damaged.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2186, 2195, 2248; Dec. Dig. ☞472.]

3. EVIDENCE ☞471—OPINIONS—CONCLUSION.

It was not error to permit witnesses, in an action for injury to furniture, who described its condition and appearance, in doing so, to state, in effect, that they considered it ruined.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. ☞471.]

Appeal from Falls County Court; W. E. Hunnecutt, Judge.

Action by A. H. Davis against the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Neff & Taylor, of Waco, for appellant. E. W. Bounds, of Marlin, for appellee.

KEY, C. J. [1, 2] Appellee recovered a judgment for $250 against appellant for damages caused to a shipment of household furniture, etc. The injury was caused by excessive leaks in the roof of the car in which the shipment was made. Appellant's brief contains but four assignments of error, all of which complain of the admission of certain testimony. The questions involved have been duly considered, and our conclusion is that all the assignments should be overruled. One of them complains upon the theory that the plaintiff's wife was permitted to testify as to the cost of the household goods. The record does not sustain that contention. She testified to the original cost of a buggy, which the proof showed did not belong to the plaintiff, and the jury stated in their verdict that nothing was allowed on account of injury to the buggy. It was shown that there was no market price for any of the property, and the court did not err in permitting Mrs. Davis to testify, in effect, as to what she regarded its value to herself and her husband before it was injured, and how much, in her judgment, it had been damaged by getting wet.

[3] It is also complained because the court permitted witnesses to state that, in their opinion, the property was ruined. Each of the witnesses referred to assisted in unloading it, described its condition and appearance, and in doing so stated, in effect, that they considered it ruined. We hold that no error was committed in that regard. The other objections to the testimony are of a similar nature, and are likewise overruled.

No error has been shown, and the judgment is affirmed.

Affirmed.