VETTER, Respondent, vs. REIN and another, Appellants.

*January 12—February 10, 1931.*

*L. J. Fellenz* of Fond du Lac, for the appellants.

For the respondent the cause was submitted on the brief of *T. L. Doyle* of Fond du Lac.

FOWLER, J.   Three questions are raised by the appellants which are particularly stated in the paragraphs devoted to their consideration:

(1) The defendant insurance company by answer interposed a plea in abatement, the gist of which is that the company was improperly joined as a defendant because by the terms of its policy no cause of action had accrued against it when the action was commenced.   The plaintiff did not demur to this plea, so that there is no implied admission of its truth.   No reply to an answer is required and the allegations of the plea stand denied under our system of pleading. The plea is without proof to support it, as neither the policy nor any other evidence was offered by the defendant.   By not offering proof in support of the plea it is without effect. If this were not sufficient to cover the point, it appears from the record that the defendant at the time of trial waived the plea.   When the stipulation as to negligence recited in the statement of facts was made, counsel for the defendants stated: "I would like the record to show that we admit the liability so far as the defendant is concerned, and that there is—we will assert no adverse action except with respect to the amount of the damages that the plaintiff sustained." No point respecting the plea was incorporated in the motion for a new trial.   It is true that immediately after the statement by defendants' counsel above quoted the court said: "Let the record show that the plea in abatement is overruled."   But we know of no such practice as overruling a plea in abatement, except it arise by inference on sustaining a demurrer to it, or from consideration of evidence offered in support of it, and neither occurred here.   It does not ap-

pear that the merits of the plea were ever argued or pressed in any way. We are of opinion that if the plea has merit and counsel intended to rely on it, he lost his right to do so by failing properly to bring it before the court.

(2) It is claimed that the court improperly allowed the cost of the repairs to the plaintiff's wagon for the reason that the measure of damages was not applied as declared in *Chapleau v. Manhattan Oil Co.* 178 Wis. 545, 190 N. W. 361, where it is stated generally that the measure of damages for injury to personal property where susceptible of repair ordinarily is "the difference between the reasonable market value of the property immediately before the injury at the place thereof and its reasonable market value immediately after the injury at the place thereof." This no doubt is the general rule, to be applied where capable of practical application. But it is also there stated, "it is also held that such measure is not what it actually cost to repair, but what it would reasonably cost to put the property in such condition as it was before." It thus appears that the reasonable cost of repairs is also a proper measure of damages. The rule is stated in 6 Thompson, Comm. on Negligence, § 7243, as follows: "The owner of a vehicle injured by the negligence of another may recover the reasonable cost of necessary repairs." This rule is applied in *Rock v. Interurban St. R. Co.* 40 Misc. 664, 83 N. Y. Supp. 114; *Overpeck v. Rapids City,* 14 S. Dak. 507, 85 N. W. 990; *Edge v. Third Ave. R. Co.* 57 App. Div. 29, 67 N. Y. Supp. 1002; *Mendleson v. Van Rensselaer,* 118 App. Div. 516, 103 N. Y. Supp. 578. When injured property has no market value damages must somehow be assessed on a different basis. *International & G. N. R. Co. v. Davis* (Tex. Civ. App.) 175 S. W. 509. Presumably a wagon several years old built for use in peddling has no market or sale value capable of definite or approximate determination, and in case of injury to it the rea-

sonable cost of repairs necessary to restore it to its condition before the injury is a proper and the most reasonable measure of the damages caused by the injury. Failure to prove reasonableness may be overlooked when the amount is small and the item concerns a matter within the common knowledge of the jury. *Chaperon v. Portland E. Co.* 41 Oreg. 39, 67 Pac. 928. Here the bill of the wagon-maker who repaired the wagon and who originally made it was received in evidence without objection and he testified that the charge was reasonable, and the jury might properly infer from his whole testimony that the repairs made were of parts broken, bent, or otherwise damaged as result of the collision.

(3) Plaintiff claims that the damages of $800 for personal injuries are excessive. There were head, chest, wrist, and hip injuries. The hip injury was causing pain at time of trial, one year and three months after the injury. Plaintiff was sixty years old and the effect of the hip injury was that he tired quickly and could not carry on his work as a peddler as many hours a day as he formerly could. The trial judge did not consider the award beyond what a jury might properly award. We consider that it should stand.

The respondent moves for review of the ruling of the trial court reducing the jury's award of $200 for injury to business and property from $200 to $54.75. The basis of the reduction was that the proof of injury to business was so indefinite and uncertain as to make an award rest upon mere speculation. We have carefully examined the testimony bearing upon the matter, and are of opinion that the ruling complained of was correct.

*By the Court.*—The judgment is affirmed.