PALMER, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 17—October 12, 1948.*

*Chester J. Niebler* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Robert D. Daniel,* district attorney of Rock county, and oral argument by *Mr. Platz, Mr. Daniel,* and *Mr. Frank Kinast,* assistant district attorney.

WICKHEM, J. Defendant contends that it was an abuse of discretion on the part of the trial court to permit withdrawal of a plea of not guilty by reason of insanity because the judge who tried the case had no knowledge of the facts except such as was furnished by a transcript of the preliminary examination which consisted principally of evidence by the complaining witness, and that therefore the trial court had no basis for coming to a judgment whether the plea should be permitted to be withdrawn. It is also claimed that a jury having been waived the trial court acted as a jury and as such operated under the mistaken view that the uncorroborated story of the complaining witness must be accepted as true.

We find no specific error in this record. Everything that was done before the trial court was by stipulation between

counsel and although there was a plea of not guilty no attempt was made by defendant to contradict the testimony on the preliminary examination. We have, however, after a careful consideration of the rather unusual history of this prosecution, determined to order a discretionary reversal under sec. 251.09, Stats.

The trial court which sentenced defendant heard no testimony and knew nothing of the report by the four doctors that defendant was legally irresponsible at the time of the crime. This evidence was technically immaterial after the withdrawal of the plea of insanity. It was unsworn and was in the form of a bare conclusion without the disclosure of details. Further than this, it had not been subjected to the test of cross-examination. Nevertheless, being the unanimous determination by doctors appointed both by the state and the defense it should, if it had been brought to the attention of the trial court, have aroused concern and inquiry over permitting withdrawal of the plea of insanity, and in any case, would suggest further inquiry to fix the proper penalty. We are persuaded that such an inquiry would have been made had a single judge presided in this matter. For all we know such an inquiry might have disclosed that the withdrawal of the plea was not improvident and under the peculiar circumstances we cannot say that there was error in not ordering such an inquiry. However, the situation arouses our grave concern. We are persuaded that there is strong likelihood that justice may have miscarried and conclude that the case should be retried. The state should be permitted to file such amendment to the information as it may deem proper and defendant to plead to the original or amended information.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial in accordance with this opinion.

MARTIN, J., took no part.