Asplund, Respondent, vs. Palmer, Appellant.*

*October 6—November 8, 1950.*

* Motion for rehearing denied, without costs, on January 9, 1951.

For the appellant there were briefs by *Chester J. Niebler,* and oral argument by *Mr. Niebler* and *Mr. John A. Udovc,* both of Milwaukee.

For the respondent there was a brief by *Fisher & Fisher* of Janesville, and oral argument by *Cleland P. Fisher.*

FAIRCHILD, J. In proceeding with this action, the impression apparently prevailed that the cause must be brought

in accordance with the provisions of sec. 330.19 (5), Stats., the defendant insisting that if the notice required by that section was essential to this case, it was not given in due season. The defendant urges that where damages are excessive the rule, permitting the acceptance by the party in whose favor the verdict is of an amount properly reduced in lieu of a new trial, was not followed in this case.

The facts on which plaintiff relies for recovery in this case were brought before the court in the case of *Palmer v. State,* 253 Wis. 428, 34 N. W. (2d) 110. The judgment in that case was reversed and the cause remanded with directions to grant a new trial. The errors treated with there were largely due to procedural difficulties which were briefly reviewed in the opinion filed in that case.

The case now before us is one in which plaintiff seeks both damages for injury to her and exemplary damages. The contention by the defendant that the service of a summons and complaint on February 15, 1949, is not within the two-year limitation of sec. 330.21 (2), Stats., would be of some service to him but for the fact that the plaintiff is an infant, and the disability of infancy still exists.

Sec. 330.33, Stats., reads:

*"Persons under disability.* (1) If a person entitled to bring an action mentioned in this chapter, except actions for the recovery of a penalty or forfeiture or against a sheriff or other officer for an escape, or for the recovery of real property or the possession thereof be, at the time the cause of action accrued, either

"(a) Within the age of twenty-one years; . . .

"(2) The time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended more than five years by any such disability, except infancy; nor can it be so extended in any case longer than one year after the disability ceases."

It may also be said that the suggestion that the complaint which was demurred to would serve as a notice does not need to be treated with at any great length, because action which must be begun within the limits fixed by the statutes of limitations relating to actions for assault and battery does not require the giving of a notice. *Drinkwater v. Andrews*, 126 Wis. 241, 105 N. W. 575. The statute requiring the giving of notice was enacted for the purpose of protecting those who may be liable in a certain class of actions where the limitation is six years. In *Manas v. Hammond,* 216 Wis. 285, 288, 257 N. W. 139, we said: ". . . the purpose of the notice requirement [is] to afford one charged with responsibility for an injury an opportunity to investigate the circumstances and preserve evidence for his defense before they are defeated by the intervention of time."

The controlling questions to be determined upon this appeal relate to the ruling of the trial court upon the motions after verdict in reducing the damages. The trial court was of the opinion that the damages allowed by the jury were high, but in view of the testimony he did not consider that the allowances were of such an amount as to warrant granting a new trial because of passion or prejudice. The jury in assessing exemplary damages fixed the amount at $5,000. Under the circumstances of this case it is considered that the assessment by the jury of the punitive damages upon defendant might reasonably be accepted as a proper expression of opinion in condemnation of acts of this character, and that the jury was within its province in fixing that amount. While the allowance of exemplary damages has been a much debated question, it is settled in this state that in actions for personal torts "a jury may inflict what are called exemplary, punitive, or vindictive damages upon a defendant, having in view the enormity of his offense, rather than the measure of compensation to the plaintiff. . . . This has always been left to the discretion of the jury, as the degree of punishment to be thus inflicted must depend on the peculiar circumstances of each

case." *Robinson v. Superior Transit R. Co.* 94 Wis. 345, 348, 68 N. W. 961; *Marlatt v. Western Union Tel. Co.* 167 Wis. 176, 167 N. W. 263. While the jury are not at liberty to award any amount, regardless of how large it may be, and their verdict in some instances may be subject to review by the court, it is considered that in this case there was no occasion to disturb the finding of the jury, because the amount is not so large as to satisfy the trial court or this court that it was not the result of an honest exercise of judgment. 3 Am. Jur., Appeal and Error, p. 454, sec. 893; 15 Am. Jur., Damages, p. 806, sec. 367; 5 C. J. S., Appeal and Error, p. 646, sec. 1651; 25 C. J. S., Damages, p. 737, sec. 126. See cases cited. As the defendant has benefited by the reduction which the trial court made, and as there is no motion by plaintiff to review the ruling, we do not consider the matter further. It must be affirmed.

As far as the compensatory damages are concerned, there must be shown by the evidence a direct relation between the amount allowed and the damages proven. Upon a consideration of the testimony, we are of the opinion that the trial court could in his discretion reduce that amount, giving to the plaintiff the option provided for by the established ruling. We agree that that amount was subject to review. The determination by the trial court to reduce the amount of compensatory damages should have followed the accepted rule, which requires fixing the lowest amount which a jury properly instructed would reasonably fix as the damages. It is the established law of this state that where damages found by a jury are excessive, the trial court may grant a new trial unless the plaintiff exercises the option given him by the court to remit the excess and consents to take judgment for the least amount that an unprejudiced jury, properly instructed, would under the evidence probably assess. *Reykdal v. Miller,* 216 Wis. 561, 257 N. W. 604. We are of the opinion that the amount to be accepted as compensatory damages, fixed by the court at $5,000, should have been as

low as $2,000, that being the lowest amount a jury would probably assess, giving due credit to the claims of distress and humiliation and pain of the plaintiff. Therefore the plaintiff is to have the option of taking judgment for the punitive damages fixed by the trial court at $4,000, and for $2,000, determined by this court as and for compensatory damages, this being the lowest amount which a jury properly instructed might decide upon. *Risch v. Lawhead,* 211 Wis. 270, 248 N. W. 127; *Tollander v. Bonneville,* 240 Wis. 500, 3 N. W. (2d) 679.

The judgment of the circuit court is therefore reversed as far as it affects compensatory damages, and the case is remanded for a new trial unless plaintiff, within twenty days after filing of the remittitur in the court below, serves upon defendant's counsel consent in writing to acceptance of judgment in her favor for the sums here determined upon. Judgment may be rendered upon application to the court having jurisdiction of the action.

*By the Court.*—It is so ordered. Defendant to have costs on this appeal. The defendant in his costs to tax the expense of printing not only the brief and appendix but the reply brief made necessary by the inaccuracy in the plaintiff's brief.