KIMBALL and wife, Appellants, vs. ANTIGO BUILDING SUPPLY COMPANY, Respondent.

*May 5—June 3, 1952.*

620

For the appellants there was a brief by *James R. Durfee* and *Gustav Winter,* both of Antigo, and oral argument by *Mr. Winter.*

For the respondent there was a brief by *Charles H. Avery* and *Charles B. Avery,* both of Antigo, and oral argument by *Charles H. Avery.*

GEHL, J.  Frank Goffin, a building contractor with thirty years' experience, testified that if the house had been as represented "there would have been no trouble getting from $6,500 to $7,000" for it.  In answer to the question, "You would say $6,500 would be a fair market price, fair value for that house?" he replied "Yes."  His answer to the latter question must be accepted as his opinion, for it suggests the value properly to be considered, market value.  He testified that in his opinion the actual value of the house "would be $4,500.  That would be top and I don't think you could get it with those conditions."  He also testified that considering the condition of the house its actual value is $4,000.  This testimony is the only evidence in the record which bears upon the measure of damages to be applied in a case such as this.

"The general rule is that a defrauded vendee, by way of damages, is entitled to the difference between the value of the thing as represented and the actual value.  That is the rule adopted by this court." *Mueller v. Michels,* 184 Wis. 324, 343, 197 N. W. 201, 199 N. W. 380.

There was therefore a spread of between $2,000 and $2,500 in the testimony as to difference in value, and a finding of any amount between those estimates would have found support.  One made below $2,000 would not; that made does not, and is excessive by $500, an amount easily determinable.

It has been held by this court that where the jury returns an excessive verdict the court may deal with the matter and reduce the award if the error of the jury is attributable to perversity or the amount found is not supported by the evidence. *Urban v. Anderson,* 234 Wis. 280, 291 N. W. 520. Where either appears the court may extend to the plaintiff a new trial or give him the option to remit the excess. We do not find that in any case has it been held that such action may be taken for any other reason or upon any other ground.

There is nothing in this case to indicate perversity on the part of the jury. It did not so appear to the trial court. The reason given for the reduction is that the damages "are excessive and that the least amount that the jury could have found on the evidence herein, legally admissible, based upon the testimony that the jury must have relied upon, would be the sum of $1,700."

Under the circumstances, from the record, and in view of the rule stated, it appears, therefore, that the trial court substituted its judgment for that of the jury. It is recognized that the matter was addressed to the discretion of the trial court. The rule does not apply, however, where it appears, as it does here, that the court has proceeded upon an erroneous view of the law. *Goelz v. Knoblauch,* 242 Wis. 186, 7 N. W. (2d) 420.

That the court proceeded upon an erroneous view of the law appears from the reason given for its conclusion. It seems to be based upon the view that an award of $1,700 would have been permissible "on the evidence legally admissible." Obviously the judge considered that the testimony of one witness that to put the house in habitable condition would cost $1,700 was legally admissible and that it would support an award in that amount. It may be conceded that evidence of the cost of repair was admissible, although there may be some doubt as to that, and we do not decide the question.

"Although, . . . the range of proof admissible upon an issue of fraud is broad, an important limitation upon the evidence admissible in a particular case confines the proof to the allegations of the pleadings and to the relief which may be granted in the action." 24 Am. Jur., Fraud and Deceit, p. 102, sec. 266.

"The general rule which determines the admissibility of evidence of damages, which, of course, is applicable in determining the admissibility of evidence of damages sustained by fraud, operates to confine such evidence to proof of losses which is relevant and material in the assessment of damages under the principles which determine the measure of damages for fraud." 24 Am. Jur., Fraud and Deceit, p. 116, sec. 277.

It does not follow, however, from the concession, that the court or jury may substitute a measure of damages for one which has been so clearly stated. The only purpose of the evidence as to cost of repair could have been to aid the jury in weighing the testimony given as to the proper measure of damages. It is worthy of note that they were instructed that they might take into consideration the evidence as to cost of repairs and that still they found damages in the sum of $3,000.

It is suggested that since we have permitted recovery for damage to automobiles upon both theories, cost of repair and difference in value, or have at least intimated that we might, *Chapleau v. Manhattan Oil Co.* 178 Wis. 545, 190 N. W. 361; *Calumet Auto Co. v. Diny,* 190 Wis. 84, 208 N. W. 927; *Vetter v. Rein,* 203 Wis. 499, 234 N. W. 712, we should not disturb the trial court's conclusion. The answer to the suggestion is that in cases involving damage to automobiles we have declared an alternative rule. In an action brought by a defrauded vendee he may recover upon only one basis, difference in value.

The trial court should have applied the established rule that where damages found by a jury are excessive, it may grant a new trial unless the plaintiff exercises the option given him by the court to remit the excess and consents to

take judgment for the least amount that an unprejudiced jury, properly instructed, would *under the evidence* probably assess. *Risch v. Lawhead,* 211 Wis. 270, 248 N. W. 127; *Asplund v. Palmer,* 258 Wis. 34, 44 N. W. (2d) 624; *Rasmussen v. Milwaukee E. R. & T. Co.* 259 Wis. 130, 47 N. W. (2d) 730. Of course, the proper rule as to the measure of damages must be applied. We conclude that $2,000 is such least amount.

*By the Court.*—Order reversed for a new trial unless plaintiffs, within twenty days after filing of the remittitur in the court below, serve upon defendant's counsel consent in writing to acceptance of judgment in their favor for the sum of $2,000. Plaintiffs to have costs on this appeal if they elect to accept the $2,000.

CURRIE, J. (*dissenting*). In *Urban v. Anderson* (1940), 234 Wis. 280, 286, 291 N. W. 520, in an action for personal injuries sustained in an automobile accident, the jury found plaintiff's damages to have been $10,000. The trial court on motions after verdict, without finding perversity, found the damages to be excessive and gave the plaintiff the option of accepting $2,000 or a new trial, and, if that were declined, defendants were then given the option of permitting judgment against them in the amount of $6,000 or a new trial. Both plaintiff and defendants declined to accept the options and a new trial was granted, and plaintiff appealed. This court, in its decision written by Mr. Chief Justice ROSENBERRY, stated:

"There is nothing in this case to indicate perversity, bias, or prejudice on the part of the jury. As an original proposition it does not appear to us from a consideration of the record that the damages found by the jury were excessive, let alone grossly excessive. However, fixing a maximum and minimum was a matter wholly within the discretion of the trial court, and we are unable to say there has been an abuse of discretion."

It would seem that such decision in *Urban v. Anderson, supra,* is directly in point in the instant case, the only question being whether there is any evidence in the record which would sustain the trial court in fixing $1,700 as the least amount an unprejudiced jury might award the plaintiff as damages.

As stated in the majority opinion, in actions for fraud and deceit involving fraudulent representations as to value, quantity, or condition of property, to induce a buyer to enter into a purchase contract, this court has adopted as the correct rule of damages the difference between the value of the property as it was when purchased, and what it would have been, if it had been as represented. *Meske v. Wenzel* (1945), 247 Wis. 598, 20 N. W. (2d) 654; *Mueller v. Michels* (1924), 184 Wis. 324, 343, 197 N. W. 201, 199 N. W. 380; and *Ohrmundt v. Spiegelhoff* (1921), 175 Wis. 214, 218, 184 N. W. 692. This is what is known as "benefit-of-bargain" rule as distinguished from the "out-of-pocket" rule. See Anno. 124 A. L. R. 37; 55 Am. Jur., Vendor and Purchaser, p. 966, sec. 573; 24 Am. Jur., Fraud and Deceit, p. 52, sec. 226; and 37 C. J. S., Fraud, p. 476, sec. 143 b.

However, although the "benefit-of-bargain" rule of damages is applied, nevertheless, the price paid by the purchaser is evidence of the value of the property as represented. 37 C. J. S., Fraud, p. 478, sec. 143 b (2), and 4 Sutherland, Damages (4th ed.), p. 4410, sec. 1172.

The majority opinion, in determining that $2,000 was the least amount an unprejudiced jury might award as damages to the plaintiffs, bases the same upon the opinion testimony of the plaintiffs' expert witness, Goffin, who testified that in his opinion the value of the property as represented was from $6,500 to $7,000, and that the value of the property as it was actually turned over to the plaintiffs was from $4,000 to $4,500. As the purchase price paid

was $6,500, such figure could be accepted as evidence of the value of the property as represented, so that the same afforded a definite yardstick which both the jury and the court were entitled to use in measuring damages. On the other hand, opinion testimony as to what the property was worth when actually turned over to the plaintiff purchasers is rather nebulous, to say the least, if unsupported by any satisfactory explanation as to how such opinion value was arrived at.

Goffin did testify, however, that it would require $1,900 worth of expenditures for improvements and alterations in order to place the property in such condition as to have had the value to be as represented by the defendant, and Goffin itemized in detail the cost of such improvements and alterations. The chief items of making up such figure were the installing of two-by-fours on the outside of the structure, to which new siding would be nailed (thus providing an entirely new exterior to the house), together with taking out the sliding windows and replacing them with the ordinary type of windows which can be raised and lowered. Another item of such $1,900 estimate was $200 for replacing the roof with an entirely new roof. Later, during a recess of the trial, Goffin went out and carefully inspected the roof of the house and then testified that he was mistaken in his prior testimony as to the materials in the roof being defective, as he found the roof to be made of good materials. The trial court in fixing $1,700 as the least amount an unprejudiced jury might determine as plaintiffs' damages, took Goffin's original figure of $1,900 and subtracted the $200 item that he included for a new roof, which his subsequent testimony disclosed it was not necessary to replace.

I cannot agree with the majority opinion that the trial court was not entitled to base his decision, as to the least amount an unprejudiced jury might determine as plaintiffs'

damages, on Goffin's testimony as to the amount which would be required to be expended for alterations and improvements in order to convert the property into the condition it would have to have in order to have the value as represented. While such testimony as to the cost of such alterations and improvements is not conclusive evidence of the difference in value between the property as represented and as it actually was, it is evidence which the jury would have been entitled to use in fixing such difference in value.

In a tort action to recover for damages to an automobile sustained as a result of negligence, the rule of damages is ordinarily the difference between the value of the automobile immediately before the accident and immediately after. However, the cost of repairs necessary to restore the automobile to the condition in which it was immediately preceding the accident is competent evidence in most jurisdictions to determine such difference in value of the vehicle after the accident as compared with such value immediately preceding the accident. The generally accepted rule of damages with respect to automobiles is correctly stated in the annotation in 169 A. L. R. 1100, 1101, as follows:

"Where the automobile is damaged but not completely destroyed the measure of damages is basically the difference between market value at the time of the injury and market value after the injury, which, where the injury is susceptible of repairs, *is ordinarily measured by the cost of reasonable repairs necessary to restore the automobile to its original condition,* together with such special elements of damages as damages for loss of use, loss of time, cost of removal, and storage, and other special damages." (Emphasis supplied.)

In *Shane v. Jacobson* (1917), 136 Minn. 386, 162 N. W. 472, the Minnesota court had before it an action to recover damages for deceit in the sale of a one-hundred-sixty-acre farm. The alleged misrepresentation was that the seller had represented that the east eighty acres were tiled as much as

needed, when in fact there was no tiling. The evidence showed that not to exceed twenty acres of the eighty needed drainage. The jury fixed the damages at $5,300 upon testimony that the farm would have been worth the $17,300 paid if as represented, but because of the absence of such tiling it was worth no more than $12,000. The trial court gave the plaintiff the option of accepting $4,000 or a new trial, and defendant appealed. The Minnesota supreme court held it was error for the trial court to have excluded evidence as to what it would cost to have provided the tiling necessary to put the farm in the condition it was as represented, and ordered a new trial because of such erroneous ruling on evidence, and because the damages determined were excessive. In its opinion the court said (p. 389):

"Suppose, in this case, that plaintiff had bought the farm when he met defendant in Iowa, without seeing it, upon defendant's representations as to soil, lay of the land and improvements, and all the representations had been true except that a granary of certain dimensions and material, represented to be one of the buildings, was not there, a structure which could be erected for, say $200; could it be justly claimed that the natural and proximate loss to plaintiff for this one false representation could then have been more than the cost of placing such a granary as represented upon the farm? Or should the damage be $5,300, as now, because a jury chose to accept the opinion of those experts who valued the farm at $12,000, rather than of those who deemed it worth $17,300? *We think the proposition shocks one's sense of justice.* That the verdict herein, even as reduced, greatly exceeds the natural and proximate loss that possibly could flow from the misrepresentation as to the tiling in question must be apparent from the fact that, were the twenty acres which needed drainage in the east eighty entirely taken out of the farm and their value figured at $110 an acre, a price higher than plaintiff agreed to pay, the loss would amount to no more than $2,200. It would be natural for the jury to infer that the price plaintiff agreed to pay for this farm was unduly augmented by the probable cost of the tiling represented to be thereon, and that that was the only way

in which the false representation induced action. *Therefore the actual cost of placing tiling thereon, and the extent to which such improvement would increase the value of the farm, was proper and very material evidence bearing upon the amount of recovery,* and without which an intelligent answer could not be given as to the natural and proximate loss to plaintiff." (Emphasis supplied.)

I would affirm the order of the trial court.