THOMPSON, Plaintiff and Respondent, vs. PRINCETON, Defendant and Appellant: STATE FARM MUTUAL INSURANCE COMPANY, Impleaded Defendant and Respondent.

*March 8—April 3, 1956.*

For the appellant there was a brief by *Henry C. Oakey* of Osceola, attorney, and *Doar & Knowles* of New Richmond of counsel, and oral argument by *John Doar*.

For the respondent there was a brief by *E. Nelton* of Balsam Lake, and for the impleaded respondent by *George W. Peterson* of Balsam Lake, and oral argument by *Mr. Nelton* and *Mr. Peterson*.

CURRIE, J. Among other contentions raised in behalf of the defendant Princeton on this appeal is that she is entitled to a new trial because of two alleged erroneous rulings on evidence by the trial court. Because of our conclusion that such rulings did constitute prejudicial error we find it unnecessary to pass upon any of the other issues raised.

The only question submitted in the special verdict as to Mrs. Princeton's alleged negligence related to the operation of the "rear light" of her vehicle immediately prior to the collision. The evidence was in sharp conflict on this issue. In behalf of the plaintiff Thompson, a traffic officer by the name of Brown was called as a witness and he testified as follows: He made an inspection of the Princeton car shortly after the accident; he found that the same was equipped with two taillights; the red-glass covering of both of these lights was broken and there were no light bulbs in the sockets of these two taillights; there were bits of broken red glass about but no fragments of any white light bulbs; he inserted a pencil into the inside of the socket of one of the lights and received no shock; and he also observed "a large accumulation of dirt" in the inside of one of the sockets.

On cross-examination Brown admitted that he had made a contemporaneous written police report of the accident. One line of such police report commenced with the printed words,

"Vehicle Defects," followed by a blank, in which blank were written the words, "No defects." In answer to a question put by Mrs. Princeton's counsel, Brown admitted to having made such insertion in the police report. Counsel then offered such police report, which had previously been marked as an exhibit, in evidence. No objection was made on the part of opposing counsel but the trial court nevertheless ruled as follows: "It will not be received" but gave no reason for such ruling.

We consider such ruling to have been highly prejudicial to the defendant Princeton. The import of the traffic officer's testimony on direct examination was that he had examined the two taillights of the Princeton car immediately after the accident and that there could not have been any bulbs in either of the two taillights for the reasons stated as above related. Such absence of bulbs in the taillights constituted a defect which should have been noted by him in his police accident report if he had properly performed his duty. His notation in the police report that there were no defects constituted a serious impeachment of the testimony given by him on direct examination. Counsel for Mrs. Princeton were clearly entitled to have such report admitted in evidence.

Where an expert witness, such as an accountant or physician, has testified to certain facts and then a written report by such witness constituting a summary of the witness' parol testimony is offered, it may not constitute prejudicial error to exclude the same on the ground that the written report is merely cumulative in character. We deem that this principle has no application to a situation like that in the instant case where the written exhibit in the witness' own handwriting clearly impeaches his direct testimony. In such a situation it is prejudicial error to refuse to admit the impeaching document even though the witness on cross-examination may have verbally admitted the facts set forth in such exhibit.

The Princeton car was not repaired after the accident. At the time of the trial it was brought and parked across the street from the courthouse where it was available for a view by the jury, which view was not ordered by the trial court. Counsel for Mrs. Princeton brought out by examination of one of the members of the Princeton family that the car, including the two rear taillights, was exactly in the same condition at the time of trial as it had been immediately following the accident. The sheriff was then requested by Mrs. Princeton's counsel to go down and remove the two rear taillights from such vehicle and bring them into the courtroom, which request was complied with. Such removed taillights were marked as an exhibit and offered in evidence to refute the testimony of Officer Brown, but the trial court ruled the same to be inadmissible. The left rear taillight of such exhibit discloses that in each of the two sockets there is the base, or metal portion, of a light bulb, the glass portion of which had been broken off. There is a similar broken base of a light bulb inserted in the single socket of the right taillight of such exhibit.

The learned trial judge in his memorandum decision sets forth the reasons for ruling such taillights inadmissible as an exhibit. One of such reasons was that the Princeton car had been parked out in the open for more than a year and could have been tampered with by anyone who wanted to. The second reason stated was that the trial court's own inspection of the exhibit disclosed to him that one of the metal bases of the three broken bulbs had apparently been forced into place in the socket with a pliers, which indicated that it had been tampered with. Because of this the trial court expressed the fear that, if the exhibit had been admitted in evidence, there would have been much testimony required with relation to such issue of tampering.

It is our conclusion that Mrs. Princeton's counsel laid a proper foundation for the admission of such taillights in evidence and that they should have been received. If counsel for the plaintiff was of the same belief as the trial court, that such taillights had been tampered with after the accident but prior to their production in court, this was a matter for rebuttal evidence on the part of the plaintiff.

The two erroneous rulings, excluding from evidence the offered exhibits of the police accident report and of the taillights, not only deprived Mrs. Princeton of evidence that she was entitled to have, but also had a tendency to indicate to the jury that the trial court did not consider either exhibit as competent evidence to rebut the parol testimony of Officer Brown that he found no indication of any light bulbs having been in the sockets of the two taillights. Having gained such an impression from the trial court's rulings, it is not to be wondered at that the jury believed Brown's testimony on direct examination and disregarded all testimony offered in rebuttal on the part of Mrs. Princeton.

*By the Court.*—Judgment reversed, and cause remanded with directions for a new trial.