BOHLMAN, Administratrix, Respondent, v. NELSON and another, Appellants.

*September 10—October 7, 1958.*

For the appellants there was a brief by *McLeod, Donohue & Colwin* of Fond du Lac, and oral argument by *Joseph D. Donohue*.

For the respondent there was a brief by *John P. McGalloway*, attorney, and *William D. McGalloway* of counsel, both of Fond du Lac, and oral argument by *William D. McGalloway*.

WINGERT, J. There must be a new trial on the disputed issues of damages sustained by the mother.

1. *New trial in interest of justice.* We should have no difficulty in sustaining that part of the trial court's order which directs a new trial on the damage issues in the interest of justice, were it not for the alternative granted plaintiff to take judgment. The trial court may in the exercise of a

proper discretion order a new trial in the interest of justice when a jury's verdict is against the great weight of the evidence, even though it cannot be held as a matter of law that the answer is wrong. *Guptill v. Roemer,* 269 Wis. 12, 19, 68 N. W. (2d) 579. The trial court has wide discretion in such matters, and while an order so made is not beyond review, it will not be reversed unless it clearly appears to be an abuse of discretion. *Bolssen v. Heenan,* 3 Wis. (2d) 110, 116, 88 N. W. (2d) 32. In the case at bar we not only find no abuse of discretion, but consider the learned trial judge amply justified in directing a new trial on the damages issues, for the reasons stated by him in his opinion, part of which is quoted above.

2. *Option to take $1,500 for pecuniary loss.* A majority of the court are of opinion that the trial court went too far in permitting the plaintiff to accept $1,500 damages for her pecuniary loss as an alternative to a new trial on the damages issues, and to enter judgment based on that amount. We agree with the trial court that some pecuniary damage was established, but the majority consider that the evidence does not sustain the figure of $1,500 as the minimum.

It is settled in this state that where unliquidated damages found by a jury are "clearly inadequate" the court may extend to plaintiff the option of taking judgment for "the least amount that an unprejudiced jury [properly instructed] would *probably find,*" or having a new trial on the issue of damages. *Risch v. Lawhead,* 211 Wis. 270, 278, 248 N. W. 127; *Asplund v. Palmer,* 258 Wis. 34, 40, 44 N. W. (2d) 624. See also *Campbell v. Sutliff,* 193 Wis. 370, 379, 382, 214 N. W. 374. The question on this branch of the case is, therefore, whether $1,500 is the least amount an unprejudiced jury, properly instructed and conscientiously trying to do its duty, would probably find as the pecuniary loss suffered by Rosemary's mother as the result of her death.

We cannot agree with appellants that the evidence sustains the jury's finding that there was no such pecuniary damage whatever. On the contrary, we consider the trial court justified in concluding that,

"Here the evidence without contradiction shows substantial, continued support in the past, with every fact pointing to continued support of the mother in the future on the part of Rosemary Bohlman."

Rosemary had established a pattern in the several years following her graduation from high school, of working at the telephone company, paying $20 per week to her mother, making substantial gifts of clothing and furniture, helping with the housework, contributing substantially to the purchase price of such items as automobile and television set, taking her mother out to dinner at least weekly, paying the telephone bill, and the like. The monetary and tangible contributions must have averaged well over $1,200 per year, aside from the help with the housework. Rosemary was generous to her mother, had used all her earnings for the purposes mentioned and her own support, and her earnings were increasing. While she was of marriageable age, the evidence is undisputed that she had no marriage plans, no steady beau, and apparently no immediate expectations in that direction. The mother was in poor health, but she had an expectancy of 13.47 years according to the mortality tables, and there was no evidence that death was likely to come within a few months. She had insufficient income for her needs, and while she was not a pauper her principal could not sustain her many years.

Where a pattern of this sort has been set, a finding of no pecuniary damage whatever should not be sustained simply because no one can be sure that the pattern would have continued. Of course either mother or daughter *might* have died at any time and Rosemary *might* have lost her health or married suddenly; but the balance of probabilities should

govern, rather than mere speculation as to possibilities. Since the evidence showed the probability of continuing support for a substantial period of time, with no evidence that discontinuance was probable or likely in the immediate future, the finding of no pecuniary loss was properly set aside.

The case of *Boyle v. Larzelere*, 245 Wis. 152, 13 N. W. (2d) 528, relied on by respondent, is distinguishable. There the evidence warranted the conclusions that the deceased daughter "was only staying at home until she 'got married or something,' " the parents "were likely to be deprived of her services at any time," and she was not "likely to contribute to the family income for any ascertainable time." In the present case the likelihood appeared to be that contributions would continue for a substantial period of time.

While the jury's negative verdict on pecuniary loss cannot stand, the majority of this court are unable to find adequate basis in the evidence for a determination that $1,500 was the least amount that an unprejudiced jury, properly instructed, would probably find. The daughter made substantial pecuniary contributions to the mother, but the mother supplied the daughter with food, shelter, utilities, and the like, to some undisclosed extent. The record is devoid of proof as to how much it cost the mother to supply these items, and hence there is no basis for determining how much of Rosemary's contributions represented net pecuniary gain. On the basis of common knowledge, the inference is inescapable that Rosemary contributed something beyond the cost of her keep; but the record does not contain sufficient basis for determining how much. The real controversy on that point has not been fully tried. Therefore there should be a new trial on the question of pecuniary loss.

Since the trial court properly considered that the jury's appraisal of damages for loss of society and companionship probably included an increment for pecuniary loss, the new

trial should extend to the question of damages for loss of society and companionship.

*By the Court.*—Judgment reversed, with directions to grant a new trial on the questions of the mother's damages for loss of society and companionship and for pecuniary loss.

MARTIN, C. J., took no part.