KRUEGER, d/b/a KRUEGER SERVICE, Respondent, v. STEFFEN, Appellant.

*March 1—April 12, 1966.*

For the appellant there was a brief and oral argument by *Bernard J. Traeger* of Watertown.

For the respondent there was a brief and oral argument by *Frederick A. Moegenburg* of Milwaukee.

HEFFERNAN, J.

*Is the court's finding of damages*
*contrary to the great weight and*
*clear preponderance of the evidence?*

The finding of a trial court will be set aside upon appeal only if it is contrary to the great weight and clear preponderance of the evidence. *Blumenfeld v. Eichenbaum* (1959), 7 Wis. (2d) 1, 95 N. W. (2d) 754; *Barker Barrel Co. v. Fisher* (1960), 10 Wis. (2d) 197, 102 N. W. (2d) 107; *Hausmann v. Wittemann* (1965), 26 Wis. (2d) 482, 485, 132 N. W. (2d) 537.

The record is replete with evidence that supports its finding. The plaintiff Krueger testified that the value of the automobile prior to the accident was $650 and the value thereafter was $50. The witness Kusel testified that the value prior to the accident was $625 and the value after was $100. The witness King, produced by the defendant, testified that the value prior to the accident was $615. It appears that the diminished value of the automobile, the damage figure of $525, is clearly within the range of the evidence submitted and is not contrary to the great weight and clear preponderance of the evidence.

The defendant contends that the damages should not have exceeded $325, apparently basing his contention upon the testimony of the witness King, who stated that the automobile could be placed in its "before-the-accident-condition" by repairs totaling $300, $175 for parts and $125 for labor. However, there was the testimony of Mr. Krueger, who without objection was allowed to testify that he had received a repair estimate of $575. Additionally, Mr. Kusel testified that the automobile could be

repaired for $450 using second-hand parts and for $873 using new parts. Under this state of the evidence, it is apparent that there was substantial evidence to support a finding of a necessary cost of repairs in excess of $300.

*Measure of Damages.*

Moreover, we conclude that in this instance the cost of repairs alone is not the proper measure of the damages to the automobile. It is some evidence of its diminished value.

This court on numerous occasions has stated that the damages that should be awarded to the owner of personal property having a market value is the difference between the value before the tortious injury and the value after. *Geuder, Paeschke & Frey Co. v. Milwaukee* (1911), 147 Wis. 491, 497, 133 N. W. 835.

In *Kimball v. Antigo Building Supply Co.* (1952), 261 Wis. 619, 627, 53 N. W. (2d) 701, the dissenting opinion by Mr. Justice CURRIE quoted with approval the following excerpt from 169 A. L. R. 1100, 1101:

" 'Where the automobile is damaged but not completely destroyed the measure of damages is basically the difference between market value at the time of the injury and market value after the injury, which, where the injury is susceptible of repairs, *is ordinarily measured by the cost of reasonable repairs necessary to restore the automobile to its original condition,* together with such special elements of damages as damages for loss of use, loss of time, cost of removal, and storage, and other special damages.' (Emphasis supplied.)"

McCormick, Damages (hornbook series), p. 472, sec. 124, states the rule:

". . . most often approved by courts; . . . is, recovery based upon the simple formula of depreciation, *i.e.,* the difference between the value before and the value immediately after the injury, under which the reasonable

cost of repair may be shown as bearing upon the diminution in the value of the article resulting from the injury."

We conclude that this succinct statement properly sets forth the standard followed by this court.

Where the chattel damaged has no ascertainable market value, the cost of repairs is the measure of damages. *Vetter v. Rein* (1931), 203 Wis. 499, 502, 234 N. W. 712; *Wisconsin Telephone Co. v. Reynolds* (1958), 2 Wis. (2d) 649, 655, 87 N. W. (2d) 285.

The testimony of King that the repair costs would total approximately $300 was properly before the court but only as evidence of diminished value. In itself, like the repair estimate produced by the plaintiff, it is not the measure of damages. Like the other evidence before the court, it must be weighed by the trier of the facts in determining diminished value.

On the basis of the costs of repairs as submitted by both parties, together with other evidence of diminished value, we do not find the damages as found by the court contrary to the great weight and clear preponderance of the evidence.

In addition, the defendant claims that since the car that was damaged was intended for resale by the plaintiff, a used-car dealer, the value before the accident included the plaintiff's anticipated, but unrealized, profit. This argument was raised for the first time upon appeal and cannot now be considered. Suffice it to say that as a general rule in tort actions there may be recovery for loss of profits if the plaintiff can show with reasonable certainty the anticipation of profit. See generally 25 C. J. S., Damages, pp. 734, 738, sec. 42; 22 Am. Jur. (2d), Damages, p. 242, sec. 171; McCormick, Damages, *supra*, p. 97, sec. 25.

The defendant, while apparently conceding the plaintiff's expertness on matters of used-car values, now objects to the fact that the plaintiff was allowed to use hearsay evidence of the cost of repairs. A perusal of the

record shows that not only was this hearsay testimony not objected to by defendant's counsel, but was in fact elicited by him on cross-examination.

It was evidence before the court and could properly have been considered. Moreover, other evidence in the record is ample to support the award.

Nor do we find merit in defendant's present objection to a portion of Kusel's testimony in regard to the extent of the damage to the car. He objects to the fact that Kusel was allowed to testify in regard to the condition of the car over six months after the accident as it stood in the "car graveyard" at the Krueger farm. Kusel did, however, testify that the condition of the car (except for the removed engine) was substantially the same as it was shortly after the accident. Furthermore, as we said in *Thompson v. Princeton* (1956), 272 Wis. 589, 594, 76 N. W. (2d) 273, where the production of a set of taillights was allowed almost a year after the accident, "If counsel . . . was of the . . . belief . . . that such taillights had been tampered with after the accident . . . this was a matter for rebuttal. . . ." In this case no rebuttal testimony was introduced. Defendant has merely posed the possibility that the condition was not sufficiently similar. We conclude that the evidence of Mr. Kusel based upon his inspection of the car six months following the accident was in these circumstances permissible.

During the eight-day recess between the two days of trial, Kusel prepared a detailed list of repair parts required to put the car back in its preaccident condition. Defendant's counsel objected to the use of this list while testifying since its preparation was admittedly not contemporaneous with the original inspection of the car. We conclude, however, that these notes were merely a recordation of the witness' own recollection which were listed for the purpose of facilitating testimony. *Gauthier*

*v. State* (1965), 28 Wis. (2d) 412, 420, 137 N. W. (2d) 101.

The trial judge's memorandum referred to the lawsuit as "an action for damages . . . caused by the defendant's reckless operation of a motor vehicle." Defendant asks that the word "reckless" be stricken. The trial judge's statement in his memorandum opinion does not constitute a finding of fact. It is merely his reference to the nature of the action brought. The defendant is in no sense legally affected by the trial judge's terminology in this respect, and this court refuses to interfere with a trial court's verbal preferences in writing an opinion.

*By the Court.*—Judgment and order affirmed.